ZEBINA EASTMAN *et al.*

*v.*

EDWARD ANTHONY *et al.*

PLEADING—*general issue.* It is error to sustain a special demurrer to the plea of the general issue in assumpsit, on the ground the words "undertake and promise" are used instead of the words "undertake or promise." These words being equivalent, the use of either constitutes as effectual a traverse as both of them, and it matters not whether they are connected by "and" or "or."

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. D. W. JACKSON, for the appellants :

If the special cause of demurrer assigned means anything, it means that a denial of an undertaking and promise is not a good bar to an action of assumpsit.

To establish this it must be shown that there is a distinction in the legal signification of the two words. If there is no such distinction, then one is simply surplusage as being tautological. A plea that the defendant did not undertake, etc., would be good, as well as a plea that he did not promise.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The declaration in this case is upon two acceptances, is against defendants as partners, and contains also the common counts for goods sold. Defendants pleaded severally. One of them pleaded the general issue with the conclusion to the country, and filed with his plea an affidavit of merits as to $50 of plaintiffs' claim. The other defendant pleaded that he did

600          EASTMAN *et al. v.* ANTHONY *et al.*     [Sept. T.

Opinion of the Court.

not "undertake and promise" jointly with his co-defendant, as alleged in the declaration. To these pleas plaintiffs demurred, and for cause of demurrer allege defendants have used the words "undertake and promise" instead of "undertake or promise." The court sustained the demurrer, and defendants standing by their pleas, final judgment was rendered against them and plaintiffs' damages assessed by the court.

Without discussing the question made, whether a party may file a joint demurrer to pleas of several defendants who have severed in pleading, it is sufficient for the decision of the present case that the demurrer in any event was improperly sustained.

As we have said in *Shufeldt* v. *Fidelity Savings Bank, ante,* p. 597, the words "undertake" and "promise" are equivalent words, and the use of either of them constitutes as effectual a traverse of a declaration in the usual form in assumpsit as would the use of both of them. When both words are used as in this case, it is a matter of no consequence whether they are connected by "and" or "or." The meaning in either case is precisely the same.

On the objection being made by special demurrer the court might have directed the correction to be made at once without prejudice so as to conform to approved precedents, but it was not material it should do so. The objection is too frivolous to be seriously considered.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*