STATE EX REL. CONGDON, *v.* SECOND JUDICIAL DISTRICT COURT.

CONTINUANCE—*Election*—*Inconsistent positions of moving parties.*—A party who has·been granted a continuance cannot, when the payment of costs is imposed as a condition therefor, decline to pay such costs, and offer to proceed to trial without withdrawing his motion for a continuance. (*Newell* v. *Meyendorff,* 9 Mont. 262, cited.)

SAME—*Absence of evidence*—*Costs.*—Section 253 of the Code of Civil Procedure, allowing a continuance upon the ground of the absence of evidence, concludes by providing that upon terms the court may postpone a trial upon grounds other than the absence of evidence. Section 503 of the Code of Civil Procedure provides that upon the postponement of a trial for any cause, costs may be imposed in the discretion of the court. *Held,* that said sections when construed together as parts of the same act conferred jurisdiction upon the trial court to impose costs as a condition for a continuance, upon the ground of absence of evidence as well as other grounds.

Original proceeding. Application for a writ of *certiorari.*

Mr. Justice DE WITT stated the case as follows:—

This is a writ of *certiorari* brought to review two orders of the Second Judicial District Court, made in the case of *Charles O'Donnell* v. *Nelson Bennett et al.,* pending in that court. The case came on for hearing December 16, 1890. The defendants moved for a continuance upon the ground of the absence of evidence. The motion was made upon an affidavit of E. E. Congdon, agent of defendants, setting forth what we may here consider material testimony expected to be obtained by the evidence of one Bocarde, an absent witness, and showing the diligence used to procure his attendance. The plaintiff admitted that the showing of diligence was sufficient, and declined to admit that the witness, if present, would testify to the matters set forth. The court continued the case until the next call of the docket at the costs of the defendants. This appears from the bill of exceptions certified by the District Court in obedience

to the writ of *certiorari.* The bill of exceptions further recites as follows: "That thereupon the defendants by their said attorneys stated to the court that they declined to pay such costs, and would proceed to trial with such evidence as they had, but would not withdraw their motion for a continuance; but the court ordered that the said cause be continued until the next call of the civil calendar for setting causes for trial at the cost of defendants."

It further appears by the certified record that plaintiff filed his bill of costs. No exception was made thereto by defendants, nor was a motion made to retax the costs. Thereafter, on the plaintiff's application, the court ordered execution to issue for the collection of the costs, which was done. Thereupon the defendants, by said Congdon as agent, sued out this writ of *certiorari* to the District Court. Relators claim that the District Court exceeded its jurisdiction in two respects: (1) In imposing the costs upon the continuance. (2) In ordering execution for the collection of said costs.

The statutes to be construed are as follow, all from the Code of Civil Procedure: "Sec. 253. A motion to postpone a trial on the ground of the absence of evidence shall only be made upon affidavit, showing the materiality of the evidence expected to be obtained, and that due diligence has been used to procure it. The court may also require the moving party to state upon affidavit the evidence which he expects to obtain, and if the adverse party thereupon admit that such evidence would be given, and that it be considered as actually given upon the trial, or offered and overruled as improper, the trial shall not be postponed; and upon terms the court may, in its discretion, upon good cause shown, and in furtherance of justice, postpone a trial or proceeding upon other grounds than the absence of of evidence." "Sec. 503. When an application is made to a court or referee to postpone a trial, the payment of the costs occasioned by the postponement may be imposed, in the discretion of the court or referee, as a condition of granting the same." "Sec. 486. Whenever an order for the payment of a sum of money is made by a court, pursuant to the provisions of this Code, it may be enforced by execution in the same manner as if it were a judgment."

*F. T. McBride,* for Petitioners.

Costs are recoverable at law only by force of statute, and depend upon the terms of the statute strictly construed. (4 Am. & Eng. Encycl. of Law, p. 314, § 3, n. 5; *Jeffery* v. *Hursh,* 58 Mich. 246; *In re Waring,* 50 Cal. 30.)   In section 253 of the first division of the Code of Civil Procedure there is no provision whatever for imposing *terms* where a postponement of the trial is sought on account of the absence of evidence, and it would seem from the reading of said section that where a continuance of the trial is ordered on account of the absence of testimony, and the opposite side refuses to admit that the witness, if present, would testify as set up in the application, that the court has no discretion whatever, and no authority to impose terms. Section 503 of the said Code provides that the payment of costs may be imposed as a condition for granting a continuance.   A strict construction would make this section refer only to the latter portion of section 253, as one of the terms which a court had authority to impose in cases where a postponement was asked on grounds *other* than the absence of evidence; but to give section 503 the widest and broadest signification of which it is capable, costs can only be imposed as a *condition* of granting the continuance, the condition may be rejected by the moving party and then the trial proceeds, the court has no authority, the condition being rejected to postpone the trial at the cost of the moving party.   The court had no authority to make either of the orders complained of, and *certiorari* is the proper remedy. (*In re Waring,* 50 Cal. 30; *People* v. *McGarvey,* 56 Cal. 327; *California Pac. R. R. Co.* v. *Central Pac. R. R. Co. of Cal.* 47 Cal. 528; *San Mateo Water Works* v. *Sharpstein,* 50 Cal. 284; *Sanborn* v. *Belden,* 51 Cal. 266; *Baker* v. *Superior Ct.* 71 Cal. 583; *Gibson* v. *Superior Ct.* 83 Cal. 643.)

*Charles O'Donnell,* for Respondent.

On granting defendant a continuance for the absence of witnesses it was within the sound discretion of the District Court to require, as a condition thereof, payment of a gross sum as costs and disbursements, etc. (*Hawkins* v. *Northwestern U. Ry. Co. etc.* 34 Wis. 302; *State of Nevada ex rel. Quinn* v. *District*

*Ct.* 16 Nev. 76; *In re Wixom*, 12 Nev. 219; *Black* v. *Appo-lonio*, 1 Mont. 342; *Wormall* v. *Reins*, 1 Mont. 627.)

De Witt, J.—We have recently (*State ex rel. Murphy* v. *District Judge, ante,* p. 401) so fully defined our views of the province of the writ of *certiorari*, that we will now do no more than inquire whether the District Court exceeded its jurisdiction in making the two orders complained of.

The greater portion of relators' argument is made upon the alleged ground that they offered to proceed with the trial, but were not allowed to do so by the court. Indeed, the record does show that they offered to proceed with the trial. But the record also discloses that they moved for a continuance, and that the continuance had been granted at their costs. Relators argue that they rejected the terms imposed by the court, and that the trial upon their offer to go on should have proceeded, and the court had no authority to continue the case, and tax the costs against them. How they could reject an order of the court does not appear. Perhaps they could have declined to accept a continuance on the terms imposed, and have done this by withdrawing their motion for a continuance. They did not ask, or offer, that the order for the continuance should be vacated, which must necessarily have been done if the trial was to be had. They expressly stated that they would not with-draw their motion for a continuance. They placed themselves in the peculiar position of, at the same time, demanding a con-tinuance, and offering to try the case. As to the motives of counsel in this action, nothing appears, nor does it seem to con-cern this court. But however proper the motives, the fact is plain upon the record, that their attitude toward the court was equivocal. How was the District Court to know of what mind the counsel were when they demanded two things, abso-lutely inconsistent, in the same breath? It is no answer to say, that counsel were endeavoring to preserve their rights. If the court had jurisdiction to impose costs, counsel must submit to the law. In that contingency, they could have paid the costs and had their continuance; or they could have asked to have the order for the continuance vacated, and if done, could have saved the payment of the costs. On the other hand, if the court

had not jurisdiction to impose the costs, counsel had the remedy which they are now invoking. The District Court could not have done other than it did, that is, take the word of counsel as expressed by the solemnity of their motion of record, and disregard their utterances contradicting their motion.

This matter seems very plain to my mind, so much so that noticing it may seem superfluous. But counsel have pressed it upon our consideration, and it is perhaps fair to meet the argument contended for at the bar. Suffice it to say, that we know of no principle of law or rule of practice by which it may be demanded from a court, as was demanded from the District Court in this case, and even here insisted upon, that it do both of two things at once, the performance of one of which is the non-performance of the other, and then complain that the court has done the one demanded by a formal motion. (*Hughes* v. *Dundee M. & T. I. Co.* 11 Sawy. 561, and cases cited; *Newell* v. *Meyendorff,* 9 Mont. 263.)

I am of opinion that the granting of the continuance was proper and unavoidable, and will inquire whether the court had jurisdiction to impose the costs as it did. If section 253 stood alone, relators might have some reasons for their contention. The section first provides for a continuance on the ground of the absence of evidence, and says nothing about the imposition of terms on a continuance granted for this reason. Then the section goes on and says that the court may postpone the trial for grounds other than the absence of evidence, and may do so upon terms. The argument is left open by this section, that having provided terms on a continuance for causes other than the absence of evidence, that this, by implication, excludes the imposition of terms on a continuance granted by virtue of the absence of evidence. But the matter is made by section 503 part of the same Code, that when a trial is postponed for any cause, the costs occasioned by the postponement may be imposed in the discretion of the court. In section 253 we have a special provision covering one class of cases. In section 503 we find a general provision covering all classes, including that named in section 253. It is not a case of *expressio unius, exclusio alterius,* because, when we consider the two sections, it is not a fact that there is an *expressio unius,* and, consequently, there can be no

*exclusio alterius.*   The facts are quite the contrary.   Section 503 is an expression of all, and hence an including of all, and the maxim becomes *expressio omnium, inclusio omnium.*   The District Court therefore had jurisdiction, under section 503, to impose costs as it did.   No question of their amount or their re-taxation is presented.   The order imposing costs being made, the statute, section 486, allows an execution therefor.

I advise that the writ be dismissed.

BLAKE, C. J. (*concurring*).—Sections 253 and 503, *supra,* are parts of the same act, the Code of Civil Procedure, and should be construed together.   When they are thus read there is no repugnancy, and the court below had the power in the exercise of its discretion to impose costs upon the relators as a condition of granting the motion to postpone the trial of the action.   And I concur in the judgment that the writ should be dismissed.

HARWOOD, J. (*concurring*).—The sole question to be considered in this case is, whether the court exceeded its jurisdiction in assessing the costs involved by the continuance, upon the party applying therefor.   Counsel for relator admits that under the statute quoted *supra* the court has jurisdiction to impose such costs as a condition of granting continuance, *except* where the moving party is entitled, on his showing, to a continuance *on the ground of absence of evidence.*   His reasoning would apply with much force if section 253 was the only statute on the subject.   But section 503 seems to apply to all cases of postponement, and especially provides that costs occasioned thereby may in the discretion of the court be imposed as a condition of granting the same.   This section is general, and makes no distinction as to the grounds upon which continuance is granted.   Relator contends that section 503 should be interpreted to relate only to the latter part of section 253, authorizing a continuance to be granted on "other grounds than the absence of evidence."   If that be done, section 503 becomes meaningless and vain legislation, because section 253 provides that terms may be imposed upon granting a continuance on "grounds other than the absence of evidence."   Such interpre-

tation would give section 503 the effect of only reiterating what was already provided by section 253. We ought to interpret these statutes so that both will have an effect, if such interpretation is possible. (§ 630, Code Civ. Proc.)

I think the statute gives the court jurisdiction in its discretion to impose the costs involved by the continuance upon the party applying therefor, without reference to the ground for which continuance is granted. Such discretion might be exercised so as to work hardship or injustice upon a party who had endeavored with due diligence to prepare for trial, and had been prevented from maturing his preparation by circumstances beyond his control. In such cases if abuse of the discretion appeared it would undoubtedly be corrected. But in the case at bar we are to pass upon the question of jurisdiction only, and not whether it has been properly exercised. The application of said provisions of the statute being the only question involved in the case, and the only one presented by relator's brief, with these observations I concur in the order dismissing the writ.