NEWELL, APPELLANT, *v.* NICHOLSON, RESPONDENT.

[Submitted December 19, 1895.  Decided January 13, 1896.]

CONTRACTS—*Mercantile phrases—Evidence to explain.*—Under section 633, Code of Civil Procedure permitting evidence to be given of the meaning of terms having a local, technical or peculiar signification, the testimony of merchants and business men is admissible to explain the meaning of the mercantile phrases "Don't sell we to exchange any goods that don't sell; credit for same" and "Sales guaranteed" which are endorsed upon a memorandum of sale.

SAME—Where the plaintiff in an action to recover the entire purchase price of goods sold is defeated by the defendants upon the theory that they were only liable for the price of goods which they succeeded in selling and could return unsold goods, he cannot, in that action, claim a judgment for the balance due by defendants for goods which they had sold. (*Newell* v. *Meyendorff*, 9 Mont. 254; *State* v. *Judge of Second Judicial District*, 10 Mont. 460; *State* v. *Board of Canvassers*, 13 Mont. 34; *Reed* v. *Poindexter*, 16 Mont. 294, cited.)

*Appeal from First Judicial District, Lewis and Clarke County.*

ACTION to recover for goods sold.   Judgment was rendered for the defendants below by HUNT, J.   Affirmed.

Statement of the case by the justice delivering the opinion.

The plaintiffs brought their action to recover the value of goods, wares, and merchandise, alleged to have been sold to the defendants.   The defendants in their answer admitted the delivery of the goods to them, but denied that the sale was, as counsel expressed it, a straight sale.   The defendants set up that the transaction was as follows:  That the plaintiffs offered to sell the goods, which were a large quantity of cigars, with the condition that if they were not sold within a reasonable time, plaintiffs would exchange the cigars for other goods. Defendants allege that they declined to enter into that proposed contract, but did offer to take the cigars with the condition that plaintiffs would agree to credit the defendants, whenever defendants requested it, with any goods remaining unsold, and that plaintiffs would guarantee the sale of the goods shipped to the defendants; that is to say, in effect the contract was that the goods should be shipped to the defendants, that they should

sell them, and that the plaintiffs would help in the selling thereof, and that defendants should pay for the goods sold, and that such goods as were not good sellers the defendants might return to the plaintiffs and have credit for the same. Defendants further allege that they frequently demanded that plaintiffs take back the goods unsold. Defendants admit the selling of the goods by them in the amount of $776.05, and allege that they paid thereon $650.50. Defendants also set up a small counterclaim of $9.44.

In reply the plaintiffs denied that the condition pleaded by defendants was a part of the contract. It was shown by the defendants' testimony that they did decline to make the contract as originally proposed; that is to say, with the condition that the goods unsold should be exchanged for others. They further show, in their testimony, that the plaintiff's agent, in making out the memorandum of sale, placed thereupon the words: "Don't sell we to exchange any goods that don't sell." With this memorandum, so indorsed, defendants declined to enter into the contract.

Mr. Nicholson, one of the defendants, stated that he would not accept that kind of a proposition, but that it was the understanding that defendants were allowed to return any goods for credit that were not sold, at any time when defendants felt so disposed, or when either party was convinced that the goods could not be sold. Thereupon the plaintiffs' agent said, "I will fix that," and added to the memorandum of sale the following words, "Credit for same." Some of the other sales were made, not with the indorsement above quoted, but accompanied by the words, "Sales guaranteed."

The plaintiffs brought their action for the value of all the goods which they had delivered to the defendants. The jury found against the plaintiffs, and gave a verdict in favor of the defendants for the amount of their counterclaim, $9.44. From an order denying plaintiffs' motion for a new trial, and from the judgment, this appeal is taken.

*Walsh & Newman*, for Appellant.

The goods were sold under a memorandum contract, which contains the following language: "We to exchange goods that don't sell, credit for same. Part of bills in four months, balance in six months." This we contend is a straight sale of goods to be paid for in four and six months, with the privilege of exchanging goods that don't sell, for other goods that defendant might wish to get. The bill became due in four and six months whether the goods were sold or not. If we construe the contract under defendants' theory, it is a contract of "*sale or return*," under which the title passes to the purchaser. (*Moss* v. *Sweet*, 3 Eng. Law & Equity 311-71; *Sturm* v. *Baker*, 150 U. I. 312, in which it was said: "In this class of cases the title passes to the purchaser subject to his option to return the property within the time specified, or a reasonable time." (*Schlissenger* v. *Blumenthal*, 9 R. I. 578; see, also, *McKinney* v. *Bradley*, 117 Mass. 321; *Martin* v. *Adams*, 104 Mass. 262; *Carter* v. *Wallace*, 32 Hun. 384; *Dearborn* v. *Turner*, 16 Me. 17; *Speckler* v. *Marsh*, 36 Md. 222; *Perkins* v. *Douglas*, 20 Me. 317; *Chamberlain* v. *Smith*, 44 Pa. St. 431; Newmark on Sales, §§ 193-310; Story on Sales, § 249; Corbin's Benjamin on Sales, §§ 913-14-15; *Jamison* v. *Gregory*, 4 Met. (Ky.) 367; Addison on Contracts, 532; Wharton on Contracts, §§ 590-611; 21 Am. & Eng. Ency. of Law, 647.) If the contract is construed to be a contract of "sale or return," the defendant did not exercise his option to return the goods within a reasonable time.

*Toole & Wallace*, for Respondent.

As long as the conditional right to rescind the sale by a return existed, the sale was conditional and not absolute. (Story on Sales, § 313a, and cases cited, p. 366; Benjamin on Sales, 560; *Dewey* v. *Erie Borough*, 53 Am. Dec. 533; *Roy* v. *Thompson*, 59 Am. Dec. 187.) Until the sale became absolute by defendants' failure to exercise or refusal to exercise the return option, the remedy of the plaintiffs was on the particular contract. (*Boswell* v. *Bicknell*, 17 Me. 344, quoted in 69 Am. Dec. 120; Story on Sales, 313a.) The evidence of

merchants as to the meaning of technical trade terms was clearly competent, and the only method of interpreting them. (Compiled Statutes, § 628, p. 225; Greenleaf on Evidence, (13th Ed.) § 280, p. 325, and notes, § 298; *Reamer* v. *Nesmith*, 34 Cal. 625; *C. P. R. Co.* v *Beal*, 47 Cal. 151; *Callahan* v. *Stanley*, 57 Cal. 476; *Myers* v. *Tibals*, 72 Cal. 278.)

DE WITT, J.—The issue upon which the case was tried must be kept in mind at the outset. The defendants claimed a contract with certain conditions. · The plaintiffs denied that any such conditions existed, and demanded a recovery as upon an ordinary plain sale and delivery of personal property. There was a direct conflict in the evidence between plaintiffs and defendants upon this issue. There was ample evidence before the jury to sustain their finding that the contract was as defendants claimed it to be. That question is therefore now at rest.

Sections 632 and 633 of the Code of Civil Procedure (Comp. St. 1887), are as follows:

"Sec. 632. For the proper construction of an instrument, the circumstances under which it was made, including the situation of the subject of the instrument and of the parties to it, may also be shown, so that the judge be placed in the position of those whose language he is to interpret.

"Sec. 633. The term of a writing are presumed to have been used in their primary and general acceptation, but evidence is, nevertheless, admissable that they have a local, technical, or otherwise peculiar signification, and were so used and understood in the particular instance, in which case the agreement must be construed accordingly."

The conditions attendant upon the sale were expressed, as above stated, at one time, in the language, "Don't sell we to exchange any goods that don't sell; credit for same," and at another time, with the words, "Sales guaranteed." To one not wholly familiar with mercantile transactions, these words do not seem to be wholly clear. Over the objection of the

plaintiffs the court took the testimony of a number of merchants and salesmen and business men as to the meaning of these words.  In this we think the court committed no error.  By the authority of the sections of the Code of Civil Procedure above quoted, the court took evidence to show that the words had a technical or peculiar signification, and were so used and understood in the particular instance before the court.

There was also a conflict in the testimony of the mercantile gentlemen who testified as to the meaning of these words, but there was ample evidence introduced showing that the words meant that, if the goods were not sold, or if they proved to be, as one witness said, not good sellers, the defendant might return them and have credit for their value.  It is apparent from the verdict that the jury believed this line of testimony.  Therefore, as far as we are concerned in this review, the contract was a conditional one, as defendants claimed, and they, the defendants, had the right to return the goods unsold, and to have credit for the same.  We think the evidence is also wholly sufficient that defendants constantly insisted that plaintiffs should take back the unsold cigars and give credit for their value.

This brings us to another point in the case.  It appears that the defendants were indebted to the plaintiffs for some $95, the difference between the value of the cigars which defendants had actually sold and the sum which it had remitted to plaintiffs.  Plaintiffs now contend that they should at least have had judgment for this $95.  But for plaintiffs to claim judgment for the $95 is wholly inconsistent with and contrary to their position in the case, and the position which they took in endeavoring to sustain their pleadings by evidence.  If plaintiffs are to have judgment for the $95, that would be a ratification by them of defendants' view of the contract.  But that view they have always contended against.  By pleadings, evidence, and argument, plaintiffs have insisted that the sale was a straight-out one, and that they should recover the full value of all goods sent to the defendants.  Assuming this position, they cannot also take the contradictory one of ask-

ing for a recovery in this action of a sum which could be due only upon another and different contract, and one wholly inconsistent with the plaintiff's contention. (*Newell* v. *Meyendorff*, 9 Mont. at page 262; *State* v. *Judge of Second Jud. Dist. Ct.*, 10 Mont. 460; *State* v. *Board of Canvassers of Choteau Co.*, 13 Mont. 34; *Reed* v. *Poindexter*, 16 Mont. 294.) It may be that they could recover in another action, but certainly not in this. The judgment and order denying a new trial are affirmed.

*Affirmed.*

PEMBERTON, C. J., concurs.

HUNT, J. having tried this case as district judge, does not participate in this decision.

