MAUL, APPELLANT, *v.* SCHULTZ ET AL., RESPONDENT.

[Submitted March 23, 1897. Decided April 5, 1897.]

*Lease—Modification—Annulment—Evidence—Estoppel.*

LEASE *Modification—Annulment.*—Plaintiff sought to recover for the reasonable value of the use of premises; defendant pleaded a written lease and modification thereof; in the replication, plaintiff denied the modification and alleged the annulment of the lease. *Held,* that upon the evidence, it appears that the lease was modified and not annulled.

SAME—*Evidence—Estoppel.*—Where plaintiff sues to recover the reasonable value of the use of premises, and proves a written lease and an oral modification thereof, he is estopped from objecting to evidence proving the modification of the lease by way of reduction of rent.

*Appeal from District Court, Silver Bow County. William O. Speer, Judge.*

ACTION by Charles Maul against Carl Schultz and Mary Schultz to recover rent. From a judgment for a smaller amount than that claimed, and from an order denying a new trial, plaintiff appeals. Affirmed.

Statement of the case by the justice delivering the opinion.

This was an action by plaintiff and appellant, Maul, against the defendants, to recover $647 for the use of certain premises occupied by the defendants as tenants of plaintiff from November 20, 1893, until February 10, 1894, and also to recover the sum of $75 upon an account alleged to be due by defendants to one Berghold for labor, which said account was by said Berghold sold and assigned to this plaintiff. The defendants filed separate answers. In the answer of Carl Schultz it is admitted that he occupied the premises during the time mentioned in the complaint, but denied that the premises were reasonably worth $647, or any greater sum than $200 per month during the time they were so occupied. The defendant then pleaded a payment of rent up to December 20, 1893, and admitted the debt for rent from that time until February 10, 1894 at a monthly rental of $200, amounting to

$333.33, but that the said sum of $333.33 was subject to certain offsets. For further defense the defendant alleged that about February 20, 1893, he entered into a written lease with the plaintiff for the premises involved for the term of two years from February 20, 1893, for $8,400, payable in monthly installments of $350 per month during the term of the lease; that in pursuance of said lease he took possession and remained therein until about October 27, 1893, when, by mutual consent, the rent was reduced from $350 to $200 per month, but that all other terms and conditions expressed in the lease remained and continued in force, as the contract between the parties; that in pursuance of said modification and reduction of rent the defendant paid and the plaintiff accepted $200 per month in full payment for the rent for the months of November and December, 1893; that on December 14, 1893, the plaintiff served notice on defendant to quit, which defendant refused to do, and continued in the premises until February 10, 1894; that plaintiff also served notices on one J. R. ——, and on Mary Schultz, ordering them to vacate, and that they were subtenants of part of said premises under defendant, and that in consequence of said notices the subtenants vacated the premises, and for want of other tenants the defendant was compelled and did surrender up the premises to plaintiff on February 10, 1894; that prior to the serving of said notices on the subtenants and their vacating, defendant was receiving $300 per month for rent, and would have continued to receive that amount during the continuance of the lease, had it not been for the plaintiff's act in demanding possession of the premises from the defendant and his subtenants. Defendant claimed damages by reason of said acts of plaintiff in the sum of $1,366. For further defense defendant alleged that by the terms of the lease mentioned plaintiff was to pay for repairs and breakages in water pipes, and for defects that might occur in the roof of the building; and that by reason of the negligence of the plaintiff to comply with the terms of the lease he was obliged to pay out $23 on plaintiff's account. As to the second cause of action defendant denied any indebtedness to

Berghold.    The defendant Mary  Schultz, by her answer, de-
nied that she occupied the premises by permission of  plaintiff
as his tenant, and for an  affirmative  defense she pleaded that·
she occupied the premises as an undertenant of  Carl  Schultz.
She also denied any indebtedness to Berghold, but alleged that
Berghold was justly indebted to her  in  the sum  of  $23  for
goods and merchandise.    The plaintiff, by replication,  denied
any modification in the contract of  lease,  but  alleged the fact
to be that on October 27, 1893, the lease originally made  be-
tween the parties was wholly annulled, and that from that time
plaintiff recognized the defendants, Carl and Mary Schultz, as
joint tenants, and that they occupied  the  same  jointly as his
tenants from month to month, and  that  for  the  month  com-
mencing October 20,  1893,  and  ending  November 20, 1893,
defendants occupied the premises as tenants of plaintiff at the
agreed rental for said month in the sum of $200.  Plaintiff de-
nied that the copy of the lease made part of  the  answer  of
Carl Schultz was a true copy of the agreement between plaint-
iff and defendants.    The plaintiff denied that defendants fully
paid the rent up to December 20, 1893,  but  alleged that  the
defendants, Carl  and  Mary  Schultz,  as  tenants of plaintiff,
paid rent for the month commencing November 20, 1893, and
ending December 20, 1893, in the sum of $135, and no more,
and that the defendants refused  to  pay  the  rent  of $200 for
the  month  commencing  November  20,  1893, and that there-
upon plaintiff, on February 2, 1894, served on each of the de-
fendants a demand in writing for the possession of the  prem-
ises.    Plaintiff denied that there  were  any  subtenants as al-
leged, and denied all damage.    In a separate reply to the an-
swer of Mary Schultz, plaintiff denied that she was the tenant
of Carl Schultz, and that Berghold was indebted to her in any
sum.    The case was tried to a jury.    A  verdict was returned
in favor of plaintiff and against Carl Schultz for $398.33, and
against Mary Schultz for  the  sum of $31.75.    A motion for
a new trial was  made  and  overruled.    Plaintiff appeals from
the judgment rendered on the verdict, and  from  the  order
overruling his motion for a new trial.

*F. T. McBride* and *John T. Baldwin*, for Appellant.

*S. De Wolfe*, for Respondent.

HUNT, J.—The record discloses that this case was bitterly contested on both sides. Scarcely any material testimony was offered without objection. Error is assigned upon many of the rulings of the court thereon, and upon the instructions given to the jury. As we understand the position of the parties, it is substantially this: Plaintiff sued for the reasonable value of the use of the premises occupied by the defendants. The defendant Carl Schultz set up a written lease by plaintiff with him alone for two years, with over a year still to run, and contended that the lease had been modified by parol agreement by a reduction of the monthly rent, and that he owed plaintiff nothing. Plaintiff, by replication, admitted that a written lease had been made with Carl Schultz, but averred that, instead of there having been a modification of it, there had been a complete annulment of said lease, and that a new agreement had been made between himself and both defendants, whereby both Mr. and Mrs. Schultz became his joint tenants at the agreed rental of $200 per month from October 20, 1893. Plaintiff does not seek to collect more than $200 per month, and is not attempting to do this under any written agreement. His effort is to hold both defendants as tenants from month to month without looking to Mr. Schultz alone under the written lease; and, as defendants depend upon the written lease as modified, the case involves the first material inquiry whether there was any annulment at all of the written lease. If there was, then the further question of the alleged joint tenancy of defendant becomes important; while, if there was not. Mrs. Schultz's relation to plaintiff may be eliminated and it is only necessary to ascertain the attitudes of the other respective parties under the defendants' contention of the alleged modification of the written lease between plaintiff and Carl Schultz.

For the purpose of proving that there was an annulment of the lease, plaintiff offered evidence to the effect that about No-

vember 7, 1893, Maul and both defendants had some conver-
sation about repairing water and closet pipes, Maul saying
that they (meaning defendants) should keep them in repair.
Inasmuch as the written lease between plaintiff and Carl
Schultz provided that the lessor should pay for any repairs or
breakages in the water pipes, appellant argues that this un-
contradicted testimony is proof of an annulment of the lease.
But, in view of the other statements made by the same wit-
ness who testified as above, and of the testimony of plaintiff's
other witnesses, we think there is no substantial evidence tend-
ing to prove any rescission of the lease between the parties to
it.    The same witness just referred to said that he was intro-
duced to the defendants by Maul, the owner of the premises,
in the beginning of November, 1893, as the new rent collector,
whereupon Mr. Schultz said he did not care who collected the
rent.    Maul thereupon said:    "These people (referring to the
defendants) will pay you $200 on the 20th of every month in
advance."    It is a fair inference from the testimony that the
remark of defendant Carl Schultz that he did not care who
collected the rent was simply meant to be a statement to the
plaintiff that it was immaterial to him to what individual he
paid moneys due to the plaintiff under the lease.    The witness
also said that, although they had some conversation such as
has been given concerning the repair of water pipes, they
made no agreement with reference to them.    A witness named
Hirbour, who was called by the plaintiff, testified that he exe-
cuted the written lease as the agent of plaintiff, and had acted
as his agent for 15 years before he turned over his agency,
about November 20, 1893, and that within his knowledge there
was a verbal modification of the written lease, by which, in-
stead of charging Dr. Schultz $350 a month rent, as called for
by the lease, he only charged him $250 a month, and that this
agreement was made at the time of the last payment to the
witness, which was by a check on November 20, 1893.    An-
other witness (Collins), who was a partner of the witness
Yaeger in the agency for the collection of rents due to plaint-
iff, testified that the new arrangement made with Dr. Schultz

or the Schultz firm pertained to the reduction of the rent to a certain amount, and that the instructions to the witness and his partner were to collect $200 a month as rent for the building. Taking all this testimony together, we are clearly of the opinion that the plaintiff failed to prove any rescission or modification of the contract of lease except as to the single item of reduction of rent. It was, therefore, error for the court to submit the question of the alleged rescission of the lease to the jury at all, and it follows that the question of any alleged joint tenancy of both defendants became immaterial to the case.

The jury, by their verdict, however, rejected the theory of an annulment, and plainly sustained the defense set up by the defendants as to the reduction of the rent or modification of the lease. It must be remembered that the plaintiff objected to all evidence tending to show a modification of the lease upon the ground that no such evidence was admissible under the statute of frauds (Compiled Statutes of 1887, page 652, § 219), which provides that : "Every contract for the leasing for the longer term than one year, or for the sale of any lands, or interest in lands, shall be void unless the contract, or some note or memorandum thereof expressing the consideration, be in writing, and be subscribed by the party by whom the lease or sale is to be made." But is the plaintiff in a position to complain of the error of the court? We think not.. He sued for reasonable value, and by his own evidence proved that a written lease existed between himself and Carl Schultz. His theory was erroneous, yet he was awarded a verdict against his lessee, based upon the written lease which was the contract he himself proved on the trial, but which he proved had been modified as to monthly rent due thereunder. Conceding that a written lease with over a year yet to run cannot be modified by parol agreement, we nevertheless think plaintiff cannot raise that question in this case. He never asked for the amount of the rent under the lease, and upon a motion for a nonsuit would doubtless have been properly dismissed from court. Yet he tried his case, and recovered all he was en-

titled to under his own evidence, and from the only person who owed him anything. He cannot be permitted to mend his hold after litigation has begun, change his ground, and upon new aspects of the case shift his position from that taken and relied on before the court. (*Newell* v. *Meyendorff*, 9 Mont. 254, 23 Pac. 333; *Newell* v. *Nicholson*, 17 Mont. 389, 43 Pac. 180.) Plaintiff has no right to recover except as against Carl Schultz for rent due. Accordingly, he is in no position to have a verdict in his favor set aside. We, therefore, think that his rights have not been prejudiced, and that his verdict against Carl Schultz must stand.

No point is made by appellant against the justice of the award against both defendants upon the amount found to be due upon an account owing by defendants to one Berghold, and by Berghold assigned to plaintiff. The judgment is affirmed.

*Affirmed.*

BUCK, J., concurs. PEMBERTON, C. J., not sitting.