ALFRED E. MILLARD *vs.* PLAIN W. MARTIN, ET AL.

DECEMBER 16, 1907.

PRESENT; Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Specific Performance.*

At the time contract for the sale of certain land was executed the lots were subject to a recorded lease which contained a covenant giving the lessee an option to purchase the lots at a certain price. Subsequent to the making of the agreement the lessee, with knowledge of the agreement, bought the land from the lessor for a sum less than the option price, and agreed to indemnify lessor for any loss incurred under the agreement with complainant.

On bill for specific performance:—

*Held,* that, with the agreement outstanding, it was not competent for the lessor and lessee to vary the terms of the option.

*Held,* further, that complainant had the right to insist upon a conveyance and take such title as lessor could give.

*Held,* further, that, upon payment of purchase price agreed upon between complainant and lessor, to the lessee, the latter should be required to convey the premises to complainant.

SPECIFIC PERFORMANCE. Heard on appeal from decree of Superior Court, and decree reversed.

DOUGLAS, C. J. This is a bill in equity brought to enforce the specific performance of a written contract, dated April 4, 1905, to sell certain lots of land owned by the defendant Plain W. Martin, for three hundred dollars, twenty-five of which were paid on the execution of the contract. At the time the contract was executed the lots were subject to a recorded lease held by the defendant the Providence Ice Company, which contained a covenant giving the lessee an option

to purchase the land at the price of twelve and one-half cents per square foot, which amounted to $742.12. The defendant Martin refused to convey according to the agreement, on the ground of the existence of this covenant in the lease. The complainant insisted upon the fulfillment of the agreement and, upon the persistent refusal of the defendant Martin to convey, brought this bill. Subsequently to the making of the agreement, March 25, 1905, the defendant the Providence Ice Company, with knowledge of the transactions between the complainant and Martin, bought the land, and took a deed of the same from Martin, for the sum of three hundred and fifty dollars, and agreed, as a further consideration, to indemnify Martin for any loss and expense which she might incur under her agreement with the complainant. Upon these facts appearing, the bill was amended making the Providence Ice Company a defendant.

(1)    We can not agree with the Superior Court that such a transaction was an acceptance of the option in the lease. The terms of sale were not those which the lessor was bound to accept or the lessee privileged to insist upon, but a new contract not binding upon either until the time when both parties assented to it.

In *Falls Wire Co.* v. *Broderick*, 12 Mo. App. 378, 384, the court say: "If an offer is accepted it must be accepted unconditionally. A conditional acceptance is a new offer, which, in its turn, requires acceptance to close the bargain." To the same effect are *Langellier* v. *Schæfer*, 31 N. W. 690; *Baker* v. *Johnson Cy.*, 37 Ia. 186; *Cartmel* v. *Newton*, 79 Ind. 1, 8; and *National Bank* v. *Hall*, 101 U. S. 43, 50.

Although the land agreed to be sold was subject to the lease and the covenants contained therein, the lessor had the right to sell the reversion to any one who wished to buy. With such an agreement outstanding and in force it was not competent for the lessor and the lessee to vary the terms of the option as they have attempted to do. The complainant had the right, if he chose, to waive the objection to the incumbrance and take such title as the lessor could give. The lessor had no right to refuse to convey if the complainant insisted upon a

conveyance. "When parties enter into contracts they know that they do not have the option to rescind without the fault of the other party. The party who has performed or offered to perform his part of the agreement has the choice whether he will sue for and recover damages for a breach of the contract or will insist upon its execution specifically and take such a performance as the other party is capable of making." *Harding* v. *Parshall,* 56 Ill. 219, 227, citing *Waters* v. *Travis,* 9 Johns. 450, 465; *Colton* v. *Wilson,* 3 P. Wms. 190; 2 Story Eq. Jur. § 779. The complainant, if the defendant Martin had conveyed the reversion to him, would have stood in the place of the lessor and could have enforced the terms of the lease.

We think, therefore, that the complainant is entitled to the relief which he prays for.

The decree of the Superior Court is reversed, and the cause will be remanded to the Superior Court with direction to enter a decree directing the Providence Ice Company to convey the land in question to the complainant upon payment of balance of the purchase money, and for costs against both defendants.

*John I. Devlin,* for complainant.

*William A. Morgan,* for respondents.