RAICHE, APPELLANT, *v.* MORRISON, RESPONDENT.

(No. 2,529.)

(Submitted May 27, 1908. Decided June 1, 1908.)

[95 Pac. 1061.]

*Option Contracts—Mutuality—Complaint—Sufficiency—Pleading and Practice—Demurrer—Motion to Strike.*

Pleading and Practice—Complaint—Conclusions and Surplusage.
    1. A motion to strike, and not a demurrer, is the proper method of attacking a complaint alleged to be defective for containing conclusions of law or surplusage.

Option Contract—Complaint—Ambiguity—Demurrer.
    2. A complaint which alleged that defendant sold to plaintiff corporate stock for $1,000, agreeing to repurchase it at the end of three years for $1,720, as evidenced by a memorandum set out; that before the expiration of the three years plaintiff notified defendant that he would accept the latter's offer made in the agreement to repurchase; that at the end of the period plaintiff tendered defendant the certificate representing the stock, duly indorsed with an assignment thereof to defendant, demanding $1,720, but that defendant refused to accept it or pay that sum, or any part of it, to plaintiff's damage in the sum of $1,720,—was not subject to attack by demurrer for ambiguity.

Same—Complaint—Sufficiency.
    3. The complaint above did not show full performance by both parties, but showed a refusal on defendant's part to perform his contract to repurchase the shares of stock, and stated a cause of action for the breach of an option contract.

Same—Mutuality—Consideration.
    4. An agreement founded on a consideration is not invalid for want of mutuality because it is obligatory on one party and optional with the other.

Same—Mutuality—Consideration—Admission by Demurrer.
    5. Where defendant, in an action to recover damages for the breach of an option contract, interposed a general demurrer to the complaint, he thereby admitted an allegation therein that plaintiff had paid to defendant a valuable consideration for an option to resell to the latter certain shares of stock theretofore purchased from him by plaintiff, at the end of three years at a fixed price, and was thereafter precluded from raising the question that the contract lacked mutuality.

*Appeal from District Court, Chouteau County; John W. Tatton, Judge.*

ACTION by J. A. Raiche against J. R. Morrison. Judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Messrs. Sands & O'Keefe,* for Appellant.

No appearance for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an action for damages for the breach of a contract. The complaint alleges: That on the eighteenth day of September, 1903, in consideration of the sum of $1,000 paid by plaintiff to defendant, the defendant sold and delivered to plaintiff twenty shares of the capital stock of the Minneapolis & Montana Live Stock Company, and agreed with the plaintiff to repurchase said shares of stock from plaintiff at the expiration of three years for the sum of $1,720, this latter agreement being evidenced by a memorandum as follows:

                    "Harlem, Montana, September 18, 1903.

    "Three (3) years from date I promise to pay to J. A. Raiche seventeen hundred and twenty dollars ($1,720) for twenty shares of Minneapolis & Montana Live Stock Company.

                           "J. R. MORRISON.

  "Witnesses: HUNTER HARDAWAY.
           "JOHN L. RESSLER."

That before the expiration of the three-year period plaintiff notified defendant that he would accept the offer of defendant

made in the agreement to repurchase, and at the expiration of the period tendered to defendant the certificate representing the twenty shares of stock, duly indorsed with an assignment of the certificate to the defendant, and thereupon demanded $1,720, the price agreed upon, but that defendant refused to accept the certificate, and declined to pay to the plaintiff the said sum or any part of it; and that by reason of the premises the plaintiff has been damaged in the sum of $1,720, for which amount, with interest, judgment is demanded.

To this complaint the defendant interposed a demurrer, the first ground of which is that the complaint does not state facts sufficient to constitute a cause of action. The second is not a ground of demurrer recognized by our Code (Code Civ. Proc., sec. 680), but is in the nature of an argument in support of the first ground, to-wit, that the alleged contract lacks mutuality. The third ground of demurrer attacks the complaint for ambiguity. Neither the fourth, fifth, nor sixth so-called grounds is a ground of demurrer recognized by the Code above. The fourth is also in the nature of an argument in support of the first, and is to the effect that the complaint shows full performance of the contract by both parties to it. The fifth attacks the complaint upon the ground that it contains conclusions of law; and the sixth upon the ground that it contains allegations which are surplusage. This demurrer was sustained, and plaintiff, electing to stand on his complaint, suffered judgment to be entered against him, from which judgment he appeals.

We may dispose of the fifth and sixth grounds by saying that, if the complaint was defective in the particulars mentioned (and we do not say that this complaint is defective), it could not be attacked by demurrer, but might be reached by a motion to strike.   (Bliss on Code Pleading, sec. 423.)   We do not think there is any merit in the third ground. It occurs to us that the pleader has obeyed the mandate of the Code (Code Civ. Proc., sec. 671) in stating the facts of his case in ordinary and concise language, and has so clearly expressed himself that there cannot be any doubt as to the precise nature of his complaint.

Neither is there any merit in the so-called fourth ground of demurrer. Instead of the complaint showing full performance by both parties, there are clear allegations of a refusal on the part of the defendant to perform his contract to repurchase the shares of stock.

The first ground of the demurrer, which is in terms a general demurrer, of course does not specify any particulars in which the complaint is insufficient, and, as there has not been any appearance in this court by the respondent, we are unable to know what, if any, particular defect his counsel may have had in mind. We have carefully examined the complaint, and are unable to find any defects in it. We think it clearly states a cause of action.

But it may be, and doubtless was, the principal contention of counsel for defendant that the contract lacks mutuality. It is a general rule of law, recognized by the courts and text-writers, that one essential element of a contract, using the term generally, is mutuality of obligations, as is said in 9 Cyc. 327: "There are many cases in which, although the offer is definite enough, yet the accepter, by merely accepting has really himself promised nothing in return, has not made himself liable for anything, so that, although one is bound, the other is not, and the engagement lacks what is called mutuality. In such a case there is not an enforceable agreement. The most frequent example of this principle is when one offers to supply another with such goods of a certain kind as he may choose to order or may 'wish' during a certain time and the other accepts the offer. Here there is no consideration for the promise or offer, for the promisee has not bound himself to anything, and has incurred no legal liability at all. The correct view of the case is that there is no agreement binding on the promisor, but simply an offer on his part which may be accepted by giving an order until such time as it is actually withdrawn or expires by limitation of time." But the same authority, on page 334, states the further general rule that: "When there is an agreement founded on a consideration, it is not invalid for want of mutuality because one party has an

option while the other has not, or, in other words, because it is obligatory on one and optional with the other. Thus a person for a sufficient consideration may bind himself to buy at a fixed price all the wheat that another may bring to his warehouse during a certain time. So want of mutuality cannot be set up as a defense by the party who has received the benefit, simply because it was left optional with the other party as to whether he would enforce his right.'' Abundant authorities are cited in support of the text, and we think there is little, if any, diversity of opinion upon the question.

The contract for the breach of which this action is brought is an option contract, or an option as defined by the authorities generally. (21 Am. & Eng. Ency. of Law, 2d ed., 924.) It is true that the plaintiff did not bind himself to sell the shares of stock to defendant; but he alleges in his complaint that he paid a valuable consideration to defendant for the option to sell within a given time at a fixed price, and this allegation is admitted by the demurrer. Under these circumstances the defendant will not be heard to say that the engagement lacks mutuality.

We are of the opinion that the complaint is not open to any of the attacks made upon it.

The judgment is reversed, and the cause is remanded to the district court with directions to vacate the judgment and the order sustaining the demurrer, and to enter an order overruling the demurrer.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.