RAICHE, Respondent, *v.* MORRISON, Appellant.

(No. 3,213.)

(Submitted February 17, 1913. Decided March 19, 1913.)

[130 Pac. 1074.]

*Contracts —Breach —Nominal Damages —Options —Theory of Case.*

Options—Effect of Acceptance.
    1. An option, whether based upon a consideration or not, ripens into a binding contract if accepted during its life by the promisee.

Contracts—Breach—Plaintiff Entitled to Nominal Damages, When.
    2. Proof of the breach of a contract is proof of a wrong for which the injured party is entitled to recover nominal damages.

Appeal—Theory of Case.
    3. The theory upon which a case was tried in the district court with the acquiescence of the parties is binding upon them on appeal; hence, the court may not be put in error for any action during its course, even though such theory was wholly erroneous, unless timely objection was made thereto.

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

Action by J. A. Raiche against J. R. Morrison. Judgment for plaintiff. Defendant appeals from it and an order denying his motion for a new trial. Affirmed.

*Mr. W. S. Towner,* for Appellant, submitted a brief and argued the cause orally.

*Mr. W. B. Sands* submitted a brief in behalf of Respondent and argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The plaintiff heretofore brought an action in the district court of Chouteau county to recover upon the same cause of action alleged in the complaint herein. The court sustained a general demurrer to the complaint, and rendered judgment for the defendant for his costs. On appeal to this court this judgment was reversed. (*Raiche* v. *Morrison,* 37 Mont. 244, 95 Pac. 1061.) When the cause was remanded to the district court, the plaintiff dismissed it and brought a second action in the district court of Cascade county, where the defendant now resides. The defendant having filed his answer, a trial was had which resulted in a verdict and judgment for the plaintiff. The defendant has appealed from the judgment and an order denying his motion for a new trial. The complaint is substantially a copy of that considered on the former appeal. A statement of the allegations constituting plaintiff's cause of action will be found in the opinion thereon delivered. They need not be restated here.

In his answer the defendant denied that the contract to repurchase the stock was executed and delivered to plaintiff in consideration of the sale to him of the stock and as an inducement to the purchase as alleged in the complaint, or upon any consideration, or that plaintiff had suffered any damage by reason of defendant's failure to comply with the terms thereof. He admitted all the other allegations in the complaint. The contention is now made that the evidence is insufficient to justify the verdict. On the former appeal the contract here in question was classed as an option contract, or an option, and we think this characterized it correctly. Under the rule applicable to such contracts, when the option to buy or sell is based upon a consideration moving to the promisor, the promisee has the exclusive right to sell or buy during the time specified in the contract. He may or may not exercise his option, yet the contract is

[1]   binding upon the promisor.   If not based upon a considera-
tion, it may be withdrawn at the will of the promisor; neverthe-
less it is a standing offer which may be accepted by the promisee
at any time during its life, and thus become a contract binding
upon both parties.   (*Ide* v. *Leiser,* 10 Mont. 5, 24 Am. St. Rep.
17, 24 Pac. 695, and cases cited.)   If we regard defendant's
promise either as based upon a consideration—that is, made as
an inducement to the plaintiff to purchase the stock—or as a
continuing offer to repurchase made without any consideration,
it became binding upon him when the plaintiff, at the date at
which the option was to expire, accepted it and tendered the
stock.   The rule thus stated was distinctly recognized in the
decision upon the former appeal holding the complaint sufficient,
as is made clear by the authorities cited, though, perhaps, more
importance was attached to the question of consideration than
the allegations in the pleading required.

This brief statement, by way of preliminary, of our view of
the rule of law applicable, clears the way for the determination
of the contentions made by counsel for defendant.   He insists
that the evidence is insufficient to sustain the verdict, (1) in
that it does not show that there was any consideration for the
option; and (2) in that it fails to show that plaintiff suffered
any damage.   At the commencement of the trial, after a colloquy
between the court and counsel, it was determined that, in view
of the admissions in the answer, the burden of proof was upon
the defendant to show want of consideration.   Thereupon coun-
sel for defendant introduced his evidence, which consisted of the
testimony of the defendant himself, in connection with the option
contract and a receipt for the purchase price of the stock, intro-
duced as exhibits.   While he testified that the option was not
given until two or three days after the sale and was the result
of subsequent negotiations wholly disconnected with the sale, it
appears that the receipt and option both bear the same date, *viz.,*
September 18, 1903, the day upon which the sale was made.
This fact he did not undertake to explain.   His testimony was
in several respects self-contradictory and confused.   The plain-

tiff, who resides in the state of Wisconsin, was not present, and his testimony was not introduced. His counsel, called in rebuttal, testified that he notified the defendant of the plaintiff's acceptance of the option, and that in an interview had with him a short time afterward the defendant admitted that, in order to induce the plaintiff to buy the stock and as a part of the consideration for the purchase, he had agreed to repurchase it at the end of three years at the price named in the option, and that at that time he intended to make his promise good, but had not done so because he had not been retained as manager of the corporation, the capacity in which he was acting at that time, as he then expected. Under these circumstances, we do not think that we ought to say that the jury arbitrarily disregarded the defendant's testimony as unworthy of credit, or that the court erred in accepting their conclusion in overruling the motion for a new trial. (*Whalen* v. *Harrison,* 26 Mont. 316, 67 Pac. 934; *State* v. *Willette,* 46 Mont. 326, 127 Pac. 1013.)

In considering this feature of the case, we have proceeded upon the assumption that the question of consideration was a material issue, requiring the introduction of evidence and a finding by the jury thereon. Under the allegations made in the complaint which were admitted in the answer, this was not necessary. It is admitted that the option was given by the defendant, and that it was accepted at the expiration of the time limit named, with a tender of the stock by the plaintiff which was refused by the defendant. It is apparent, therefore, that plaintiff would have been entitled to a judgment on the pleadings for nominal damages; for proof of the breach of a contract is proof of a wrong for which the injured party is entitled to recover nominal damages. (13 Cyc. 17.)

[2] No evidence was introduced by either party as to the value of the stock at the time the plaintiff accepted the option, or at any time before or after that time, other than a statement made by the defendant when counsel for plaintiff tendered him the stock and demanded payment of the purchase price. The latter testified that the defendant, upon refusing to accept it, said:

"You can just as well keep it because it is worthless. It makes no difference who keeps it, whether I have to pay for it or not." Viewing this as an admission against interest, it was some evidence tending to show that the stock was valueless. We shall not stop to consider whether it would have sustained a finding of the jury that the stock had no value. The court and counsel both proceeded upon the theory that, if the question of consideration should be resolved in favor of the plaintiff, he would be entitled to recover the full amount of the price fixed in the option, viz., $1,720. In other words, court and counsel proceeded upon the assumption that the stock was valueless, and that plaintiff, if entitled to recover at all, should recover the option price. Accordingly, the court instructed the jury, in substance, without objection by counsel for defendant, that if at the time of the purchase of the stock by plaintiff, and as a part of the transaction and as an inducement to lead the plaintiff to make the purchase, the defendant made the agreement contained in the option to repurchase within three years at the price of $1,720, they should return a verdict for this amount in favor of the plaintiff. Let it be conceded that this theory of the case [3] was wholly erroneous; nevertheless, counsel having accepted and acted upon it and permitted the court to do so without objection, he cannot now complain that his client has suffered prejudice. A party cannot be permitted to assume in this court a position different from that assumed in the trial court in order to predicate error upon any action of that court during the course of a trial to which he did not make timely objection in that court. (*Childs* v. *Ptomey,* 17 Mont. 502, 43 Pac. 714; *Newell* v. *Nicholson,* 17 Mont. 389, 43 Pac. 180; *Maul* v. *Schultz,* 19 Mont. 335, 48 Pac. 626; *Durfee* v. *Harper,* 22 Mont. 354, 56 Pac. 582; *Hendrickson* v. *Wallace,* 29 Mont. 504, 75 Pac. 355; *Dempster* v. *Oregon S. L. Ry. Co.,* 37 Mont. 335, 96 Pac. 717.)

Counsel has devoted much space in his brief to a discussion of the measure of damages which he insists the court should have given to the jury. We agree with him that the rule prescribed

by section 6081 of the Revised Codes, applied in *Welch* v. *Nichols,* 41 Mont. 435, 110 Pac. 89, should have been followed in this case; but for the reason already stated we do not think counsel is now in position to allege prejudice because the court failed to do so.

The judgment and order are affirmed.

*Affirmed.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SANNER concur.