HEFFERLIN, RESPONDENT, *v.* CHAMBERS ET AL., COM-
MISSIONERS, APPELLANTS.

[Submitted July 2, 1895.   Decided July 8, 1895.]

CONSTITUTIONAL LAW—*Contract in excess of constitutional limitation.*—A contract by county commissioners for the construction of a court house, the cost of which alone is to be less than ten thousand dollars, but which, together with the cost of ground, plans, and the hire of a supervising architect, greatly exceeds that sum, and which has not been authorized by any election, is within section 5, Article XIII, of the Constitution, prohibiting a county from incurring any indebtedness for any single purpose to an amount exceeding ten thousand dollars without the approval of the majority of the electors thereof.

*Appeal from Sixth Judicial District, Park County.*

INJUNCTION to restrain county commissioners from carrying out a contract. Judgment was rendered for the plaintiff below by HENRY, J. Affirmed.

Statement of the case by the justice delivering the opinion.

This action was brought by the respondent, a taxpayer of Park county, to restrain the defendants, the board of county commissioners of Park county, and H. J. Wolcott, from carrying out a contract entered into between the commissioners and said Wolcott, for the erection by the latter of a court house. The case was tried upon an agreed statement of facts. The judgment of the court perpetually enjoined the defendants from carrying out said contract, or paying any moneys to defendant Wolcott upon the same.

The ground for injunction relied upon by plaintiff was as follows: The contract with Wolcott was to erect the court house for $9,680. The constitution of the state provides, in section 5 of article XIII, that "no county shall incur any indebtedness or liability for any single purpose to an amount exceeding ten thousand dollars ($10,000) without the approval of the majority of the electors thereof, voting at an election to be provided by law." Before the letting of the contract the commissioners had paid out $3,200 for ground upon which to

build the court house, and $700 for plans and specifications for the same, and further agreed to pay $250 to an architect for supervising the construction. The sum of these items is $13,830.

The plaintiff contends that the acts of the commissioners incurred an indebtedness for more than $10,000, to wit, $13,830, and that such indebtedness was proposed to be incurred without submitting the question to a vote of the electors. It appears by the statement of facts that the proposition had never been submitted to a vote. The district court adopted the views of the plaintiff, and rendered judgment as above noted, from which the defendants now appeal.

*W. H. Poorman* and *H. J. Haskell,* Attorney General, for Appellants.

*Campbell & Stark,* for Respondent.

DE WITT, J.—There is no question, in our mind, but the district court was right in its judgment. In fact, the proposition seems to be so simple that little remains to be said, beyond its statement. The constitution prohibits the incurring of an indebtedness or liability exceeding $10,000, for a single purpose, without obtaining the approval of the electors at an election held for that purpose. It cannot be questioned but the commissioners in this case are undertaking to incur an indebtedness exceeding $10,000 without the approval of the electors.

The only suggestion made against this view is that the indebtedness of $3,200 and $700 had been heretofore incurred, and that the indebtedness now proposed is only $9,680, which, it is claimed, is within the limit, and therefore within the power of the commissioners. But such construction of the constitution would fritter away its plain intent. The constitution intended to limit the powers of the commissioners, as to an expenditure for a single purpose, to a certain figure, unless they obtained the approval of the people for such expenditure.

If we were to sustain the proposition of appellants in this case, it would be to allow county commissioners to expend more than $10,000, or incur an indebtedness or liability exceeding that sum, if they simply resorted to the evasion of dividing the total amount into several sums, each less than $10,000, and expending each of said several sums, or incurring each of said several liabilities, at different times. Under such construction they could expend $9,999 in each of several successive years, and the total of said amounts all for one purpose. If they could do this in each of several successive years, why not in each of several successive months or days? It is clear that such conduct would be a gross violation of the constitutional provision, and that it was just such a violation as was contemplated by these appellants, and restrained by the district court.

The judgment of the district court is affirmed. Remittitur forthwith.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.