PEARCE, RESPONDENT, *v.* METROPOLITAN LIFE INSUR-
ANCE CO., APPELLANT.

(No. 4,072.)

(Submitted December 13, 1919. Decided January 2, 1920.)

[186 Pac. 687.]

*Contracts—Insurance—Commissions.*

Contracts—Insurance—Commissions.
1. Where, under a contract between a life insurance company and its agents, the latter were to receive as compensation only such commissions as should be included in premiums collected and paid to the company during the period of their employment, they were not entitled to commissions on premiums after they had left the company's employ.

Same—Construction—Duty of Courts.
2. Courts will not, in the absence of an attack on its validity, interfere with a contract, nor make a new one for the parties.

*Appeal from District Court of Silver Bow County; J. J. Lynch, Judge.*

ACTION by Steven Pearce against the Metropolitan Life Insurance Company. Judgment for plaintiff. Defendant appeals. Reversed and remanded, with directions.

*Messrs. Day & Mapes,* for Appellant, submitted a brief; *Mr. E. C. Day* argued the cause orally.

*Messrs. Mackel & Tyvand,* for Respondent, submitted a brief; *Mr. H. A. Tyvand* argued the cause orally.

MR. JUSTICE HURLY delivered the opinion of the court.

Plaintiff sues for commissions alleged to have been earned in the sale of certain policies of insurance issued by the defendant corporation, and also for like commissions alleged to have been earned by four other agents for similar services whose claims therefor were assigned to him.

For answer, the defendant admits the agency of plaintiff and [1] of the respective assignors and the issuance of the policies, but alleges that each of such agents, before accepting employ-

ment with the defendant company, entered into an agreement with it under which he was to receive, as his compensation, only such commissions as should be included in premiums collected and paid over to the company during the period of his employment. The answer further alleges payment to plaintiff and his assignors of all commissions so earned and collected during the time of such service.

Upon the trial, plaintiff and the agents whose claims had been assigned to him (with the exception of Agent Tregonning, who was not called as a witness) admitted that they had each received in full the amount of all such commissions upon premiums collected prior to the time of leaving the service of the company, except that Agent Scott testified that the sum of $8.52 in commissions collected by the company before he left its employment had not been paid him. Such witnesses also identified certain applications for employment signed by them before entering the service of the company. Each of these applications contained the following proviso: "I further agree, if my appointment as agent is approved by the company, that my compensation shall be in accordance with the present schedule of salaries or commissions, or both, payable to agents, and as the schedule or terms thereof shall be amended by the company from time to time; that I will abide by all the rules and regulations of the company as embodied in the Agent's Instruction Book and otherwise, and as they may be subsequently amended."

The instruction book referred to in the applications for appointment was also identified, containing the following clause with reference to compensation of agents:

"The compensation in the Ordinary Department will be the commission as allowed by the Company and as set forth by its rules from time to time. No ordinary commission shall be payable or be due until the full amount of premiums collected has been received by the Company, and such commissions as shall have been paid up to the date of resignation or up to the date of the termination of an agency by the Company shall be

in full payment and satisfaction for services rendered, and in full for all claims against the Company.''

Plaintiff called as a witness one P. H. Puxley, who testified that he was in possession of the books of the company and familiar with the same. He then identified certain exhibits as copies made from the books of the company, showing the amounts of the policies upon which commissions were claimed, rate of commission, premiums and commissions paid while the agent was in service, total commissions payable, and commissions unpaid, *etc.* It was admitted by the defendant that these exhibits were correct transcriptions from the books of original entry kept in the ordinary course of business, and all were admitted in evidence without objection. As to Agent Tregonning, the only evidence offered in his behalf was one of such transcripts from the books of the company, showing a total amount of unpaid commissions in his favor of $104.16. This, taken in connection with the pleadings, made a *prima facie* case upon such cause of action. The defendant did not produce nor offer any proof that he had signed a contract such as that signed by the other agents, nor that he had in fact any written contract at all. There being no evidence to rebut this *prima facie* case, the court was justified, particularly in view of defendant's motion for a directed verdict, in deeming as established by the proof that verdict for such sum should be allowed upon the cause of action embracing his claim.

At the close of the testimony the defendant moved for a nonsuit upon grounds similar to the allegations of defense in the answer. This motion was denied, whereupon the court of its own motion directed judgment for the plaintiff for the full amount of commissions unpaid, as disclosed by the exhibits referred to.

Certain rulings were made restricting defendant's examination of the witness Puxley. The plaintiff having shown the knowledge of this witness as to the company's books and records, their possession by him, and having questioned him concerning entries therein, the defendant was entitled to inquire

freely concerning the same. However, this could only affect the cause of action based upon Scott's services, and, as above indicated, in an inconsequential amount not sufficient to justify a new trial.

As to the causes of action based upon Scott's and Tregonning's services, the record discloses without uncertainty the amounts remaining as $8.52 due the former and $104.16 due the latter, for which sums, with interest as prayed for in the complaint, judgment in favor of the plaintiff should be rendered.

The pleadings of plaintiff do not, except by general denial, question the contract as alleged by the defendant; nor does plaintiff's evidence in any manner tend to show any mistake or [2] misconception as to the same. The courts, in the absence of an attack upon their validity, may not interfere with such contracts as may be entered into between parties, nor may they make new contracts for them. It appearing, without dispute, from the testimony that the commissions remaining unpaid to Pearce, McArthur and Leahy were all collected after they left the company's employment, nothing was due them under the contract and the causes of action based thereon should be dismissed. With the exception of $8.52, all commissions not paid to Scott were collected after he left the service of the company. Objection is made that no competent testimony was offered in behalf of Scott's claim to show that this sum was so collected. However, we think there was sufficient competent evidence to make a *prima facie* case thereon. As to the balance of his claim, he should not recover.

The judgment is reversed and the cause remanded to the district court, with directions to enter judgment as herein indicated, each party to bear his own costs of appeal.

*Remanded with directions.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLOWAY, MATTHEWS and COOPER concur.

Rehearing denied February 25, 1920.