NIELSON, RESPONDENT, *v.* HENDRICKSON ET AL., APPELLANTS.

(No. 4,789.)

(Submitted May 25, 1922.  Decided June 12, 1922.)

[210 Pac. 905.]

*Real Property—Option Contracts—Time of Essence—Estoppel—Complaint—Sufficiency.*

Real Property—Option Contract—Definition.
   1.  An option giving a prospective buyer the right to purchase real property is a continuing offer up to the time fixed for acceptance and binds only the party who executes it—the intending seller.

Same—Option Contract—Time of Essence for Benefit of Optionee.
   2.  An option contract gave the optionee the privilege to buy real property provided acceptance was made by a certain hour on a given day "at which time the purchaser, having complied with the conditions herein set forth may have possession of the property, *time being the essence and important part of this option.*" *Held,* that the provision that time was of the essence of the contract was for the benefit of the optionee and that failure to give possession at the time fixed for acceptance entitled him, on tender of performance, to recover an advance payment made by him on the purchase price.

Same—Breach of Option Contract—Estoppel.
   3.  An offer of proof that two days before the option expired the optionee had notified the tenant in possession of the premises that he would not accept defendant's offer, if offered for the purpose of showing that defendant was misled, was properly refused, in the absence of proof that the information was communicated to defendant prior to the time fixed in the option for giving a deed to the property, and because estoppel was not pleaded.

Same—Readiness and Ability to Perform—Complaint—Inferences—Sufficiency.
   4.  Absence of allegation in plaintiff optionee's complaint that he was ready, able and willing to perform his part of the contract did not render the pleading insufficient, facts having been stated

disclosing that he was ready, able and willing to discharge his obligations according to the terms of the option.

Contracts—Extent of Power of Courts.

5. Courts cannot make a more favorable contract for parties than they make for themselves, and therefore cannot relieve one of them of a duty more onerous than he should have assumed.

*Appeals from District Court, Yellowstone County; A. C. Spencer, Judge.*

ACTION by Norman W. Nielson against H. Hendrickson and Ovidia Hendrickson. From a judgment for plaintiff and from an order denying their motion for new trial, defendants appealed. Affirmed.

*Mr. T. F. Shea* and *Mr. F. L. Tilton,* for Appellants, submitted a brief; *Mr. Shea* argued the cause orally.

The phrase "time being the essence and important part of said agreement" has reference only to the obligations to be performed by the vendee, or plaintiff, and does not obligate the defendants, or vendors, to deliver possession immediately upon a performance or offer of performance by the said vendee. The phrase "time is of the essence of this contract" is employed for the benefit of the vendor (*Dana* v. *St. Paul Inv. Co.,* 42 Minn. 194, 44 N. W. 55), and being for his special benefit he may waive the provisions or by his conduct may insist upon its performance and enforcement. (*Fratt* v. *Daniels-Jones Co.,* 47 Mont. 487, 133 Pac. 700.)

The complaint alleges "that on or about December 10, 1919, the plaintiff gave notice to the said defendants that he has determined to take the said premises and notified said defendants that he must have possession thereof on January 15, 1920." This is not a sufficient tender or offer of performance under the terms of the contract in question, for such tender or offer must also include an ability to perform the offer or to comply with the tender. That there must be a complete offer of performance embodying all of the conditions required to be performed by the vendee, see *Pollock* v. *Brookover,* 60 W. Va. 75, 6 L. R. A. (n. s.) 403, 53 S. E. 795; 39 Cyc. 1238.

It was the theory of the defendants upon the trial that the offer of performance alleged to have been made by the plaintiff was not made in good faith, but was simply made for the purpose of finding a ground upon which to demand the return of the option money paid by him. "An offer of performance must be made in good faith and in such manner, as is most likely, under the circumstances to benefit the creditor." (Sec. 4937, Rev. Codes.) "To prove a tender, the evidence must be full, clear and satisfactory, and it must be made in good faith." (12 Ency. of Evidence, 482; *Doak* v. *Bruson,* 152 Cal. 17, 91 Pac. 1001; *Fox* v. *Robinson,* 18 Cal. App. 585, 123 Pac. 813; *Knight* v. *Black,* 19 Cal. App. 518, 126 Pac. 512.)

*Mr. R. O. Lunke,* for Respondent, submitted a brief.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On November 17, 1919, these defendants executed and delivered to plaintiff an instrument in writing by the terms of which they agreed to sell to plaintiff and convey by warranty deed certain real estate in Yellowstone county, for $20,000. They acknowledged the receipt of $500 and agreed that if plaintiff elected to purchase the property, the $500 should be credited upon the purchase price. It was provided further that if plaintiff elected to purchase, he should pay $4,500 additional, assume a mortgage indebtedness against the property for $6,000 and execute and deliver a second mortgage for $9,000 to secure the balance, payable January 15, 1925, with interest at seven per cent per annum. It was provided further that defendants should keep the offer open until 12 o'clock noon on January 15, 1920 "at which time the purchaser, having complied with conditions herein set forth may have possession of the property, time being the essence and important part of this option." The present action was instituted to recover the $500, with interest thereon from January 15, 1920.

The complaint sets forth the transaction in detail and a copy of the writing is attached as an exhibit. It is alleged that on January 15, 1920, plaintiff tendered to defendants $4,500 and a mortgage duly executed according to the terms of the writing and otherwise duly kept and performed all the terms and conditions by him to be kept and performed; that defendants refused to execute or deliver a deed conveying the property or to deliver possession, and that they retain and refuse to return the $500 although demand therefor has been made. In their answer defendants admit the execution and delivery of the writing and the receipt of and refusal to return the $500, and deny all the other allegations of the complaint. Upon the trial, and at the conclusion of the evidence, the court directed a verdict in favor of the plaintiff, and from the judgment entered and from an order denying a new trial, defendants appealed.

The writing dated November 17, 1919, is merely an option [1, 2]   (*Ide* v. *Leiser,* 10 Mont. 5, 24 Am. St. Rep. 17, 24 Pac. 695; *Snider* v. *Yarbrough,* 43 Mont. 203, 115 Pac. 411), but nevertheless defendants insist that the provision making time of the essence of it was intended for their exclusive benefit, hence their failure to deliver possession of the property on January 15 did not constitute a breach or entitle plaintiff to recover the advance payment, and *Fratt* v. *Daniels-Jones Co.,* 47 Mont. 487, 133 Pac. 700, is relied upon to support the contention. In that case it was said that the provision in the contract making time of its essence was intended for the benefit of the vendor, but the language is referable to the facts of that particular case and was not intended as the statement of a rule applicable to all writings containing a like provision. The language was authorized by the terms of the contract there involved which indicated clearly that the provision was to be obligatory only on the vendee. The writing there considered was a bilateral contract, whereas the one now under consideration is an option, and an option binds only the party who executes it. If plaintiff had elected not to purchase, he would

not have been required to do anything and could not have incurred any liability, for though. defendants bound themselves to sell, plaintiff did not bind himself to purchase. He merely paid $500 for the right to purchase if he chose to do so, with the understanding that the money would be applied upon the purchase price if he accepted the defendants' offer.

The option constituted a continuing offer up to 12 o'clock noon on January 15, 1920, and acceptance by the plaintiff was the only thing necessary to convert it into a binding contract, (*Monahan* v. *Allen*, 47 Mont. 75, 130 Pac. 768). Unless the provision making time of the essence of the option was binding upon the defendants it has no meaning at all; but it is perfectly plain that it was intended to bind them to deliver possession on January 15 if plaintiff accepted the offer, and their failure to give possession entitled plaintiff to recover the advance payment if he tendered performance on his part within the time limited.

Without any substantial conflict, the evidence discloses that about 11 o'clock on January 15 plaintiff tendered to defendants $4,500 and offered to execute and deliver a mortgage for $9,000; that by mutual agreement the parties extended the time of performance until 5 o'clock to permit the defendants to determine whether they could give possession; that at 5 o'clock plaintiff tendered the $4,500 and the mortgage duly executed, and that defendants declined to execute or deliver a deed or to give possession. The contention now made by defendants that the mortgage was not actually executed and tendered before noon on January 15 is frivolous in the extreme. It was executed and tendered within the time agreed upon; but furthermore, if the execution and delivery of the deed by defendants was not to precede the execution and tender of the mortgage, it was required as a concurrent act, and defendants did not tender a deed or indicate their willingness to do so.

Complaint is made of the ruling of the trial court excluding evidence offered by defendants tending to prove that on January 13 plaintiff had notified Pitch, the tenant in pos-

session, that defendants' offer would not be accepted. If the evidence was offered to show that defendants had been misled to their prejudice, it was excluded properly, for no attempt was made to show that the information was ever communicated to defendants prior to January 15 or on that day, and for the further reason that estoppel was not pleaded. It is insisted, however, that the evidence was material as reflecting upon the question of plaintiff's good faith, but how that question becomes involved is not apparent. Plaintiff did just what he was authorized and required to do, and the motive which prompted him would seem to be altogether immaterial. The case is not within the purview of section 7439, Revised Codes of 1921.

The complaint is attacked on the ground that it does not [4] contain any allegation that plaintiff was ready, able and willing to perform all the terms imposed upon him by his acceptance of the offer, and while it is true that those precise words are not contained in the pleading, it does state the facts which disclose that he was ready, able and willing to discharge his obligations according to the terms of the option.

By granting the plaintiff the right to possession at the same [5] time that his right to elect to purchase expired, it is quite apparent that the defendants assumed an onerous burden, but they cannot ask this court to make a more favorable contract for them than they made for themselves. They did not present any excuse for their failure to comply with the terms of the option and the court properly directed a verdict against them.

The judgment and order are affirmed.

*Affirmed.*

ASSOCIATE JUSTICES FARR, COOPER and GALEN and HONORABLE ROY E. AYERS, District Judge, sitting in place of MR. CHIEF JUSTICE BRANTLY, disqualified, concur.

Rehearing denied July 10, 1922.