W. T. RAWLEIGH CO., Appellant, *v.* WASHBURN et al.,
Respondents.

(No. 6,153.)

(Submitted September 24, 1927.   Decided October 25, 1927.)

[260 Pac. 1039.]

*Contracts—Guaranty—Extension of Time of Payment of Debt
— Sufficiency of Consideration — Want of Consideration —
Burden of Proof—Fraud—When Defense not Available—
Failure to Read Contract—Effect on Liability of Party.*

Contracts—Failure to Read—Party may not Escape Liability, When.
1. Persons of mature age and not laboring under any disability
may not avoid the obligation of a written contract (of guaranty)
by the assertion that they did not read it before affixing their
signatures or that they did not appreciate the nature of the
obligation imposed thereby.

Same—Function of Courts is to Interpret, not to Make New Contracts
for Parties.
2. It is not the province of courts to make contracts for
parties sui juris; they must interpret and enforce them as
made by the parties themselves, in accordance with the terms
thereof, when legitimate and based upon a valid consideration.

Same—Guaranty—When Defense of Fraud not Available.
3. Where a distributor of merchandise was neither an agent nor
employee of the company which furnished the goods to him and
the company did not in anywise hold him out as its agent, the
defense of fraud was not available to defendants in an action by
the company on a contract under which defendants guaranteed
payment of all moneys due from the distributor to the company.

Same—Want of Consideration—Burden of Proof.
4. The burden of showing a want of consideration sufficient to
support an instrument lies with the party seeking to avoid it.

Same—Promise Founded Partly on Past and Partly on Executory
Consideration Enforceable.
5. A promise founded partly on a past consideration and partly
on an executory one is enforceable.

Same — Guaranty — Consideration — Extension of Time of Payment of
Debt—Sufficiency.
6. Before plaintiff manufacturing company would enter into
a renewal contract with a distributor of its goods, it required
him to furnish a written contract of guaranty signed by re-
sponsible parties agreeing to pay the company on termination
of the renewal contract the amount due it from the distributor
at the time of the execution of the guaranty or what might
become due thereafter; in consideration it promised to furnish

5.   See 6 R. C. L. 672.
6.   See 12 R. C. L. 1080.

[80 Mont. 308.]

the distributor with more goods. The guaranty was furnished, no further goods, however, being thereafter ordered. *Held,* in an action to recover on the guaranty, that there was a sufficient consideration to support the contract of guaranty of the distributor's indebtedness existing at the time of the execution of the contract, to-wit, extension of time of payment, and that, in addition, the agreement as to payment of existing and future indebtedness, being indivisible, was based upon the further consideration that the company would sell more goods to the distributor, the fact that he thereafter did not order more goods not affecting its sufficiency.

[1, 2] Contracts, 13 C. J., sec. 249, p. 370, n. 25; sec. 485, p. 525, n. 37.

[3] Appeal and Error, 4 C. J., sec. 2853, p. 877, n. 80. Contracts, 13 C. J., sec. 150, p. 315, n. 90; sec. 219, p. 359, n. 98; sec. 222, p. 361, n. 25; sec. 228, p. 362, n. 41; sec. 287, p. 387, n. 62, 63. Guaranty, 28 C. J., sec. 50, p. 917, n. 49.

[4] Contracts, 13 C. J., sec. 946, p. 760, n. 76.

[5, 6] Contracts, 13 C. J., sec. 227, p. 362, n. 38. Guaranty, 28 C. J., sec. 51, p. 919, n. 64; sec. 54, p. 921, n. 73; sec. 56, p. 921, n. 79.

*Appeal from District Court, Fergus County, in the Tenth Judicial District; Wm. L. Ford, Judge of the Fourteenth District, presiding.*

Action by the W. T. Rawleigh Company against Douglas Washburn and others. From a judgment in favor of defendants other than Washburn, plaintiff appeals. Reversed and remanded, with direction to enter judgment for plaintiff.

*Messrs. Cheadle & Cheadle,* for Appellant, submitted an original and a supplemental brief; *Mr. E. K. Cheadle, Jr.,* argued the cause orally.

An agreement to give further credit may support a guaranty for both past and future indebtedness. (*Cowan* v. *Roberts,* 134 N. C. 415, 101 Am. St. Rep. 845, 65 L. R. A. 729, 46 S. E. 979; *Roberts* v. *Griswold,* 35 Vt. 496, 84 Am. Dec. 641; 12 R. C. L. 1078; *Dr. Koch Vegetable Tea Co.* v. *Davis* (Okl.), 145 Pac. 337; *Van Bebber* v. *Plunket,* 26 Or. 562, 27 L. R. A. 811, 38 Pac. 707; *Gordon* v. *Rawleigh Co.,* 117 Okl. 235, 245 Pac. 825; 28 C. J. 919; *Rawleigh Co.* v. *Walker,* 117 Okl. 256, 246 Pac. 417; 28 C. J. 919; *Ball* v. *White,* 50 Okl. 429, 150 Pac. 901; *Sawyer* v. *Bahnson,* 102 Okl. 41, 226 Pac. 344; *Clements* v.

*Jackson Oil & Gas Co.,* 61 Okl. 247, L. R. A. 1917C, 437, 161 Pac. 216; *Riddle* v. *Hudson,* 68 Okl. 172, 172 Pac. 921.)

The extension of time of payment of the sum due from Washburn to appellant at the date of acceptance of the contract furnished good consideration for the contract, and need not be expressly recited as a consideration but may be inferred from the terms. (*Frech* v. *Yawger,* 47 N. J. L. 157, 54 Am. Rep. 123; *Wills* v. *Ross,* 77 Ind. 1, 40 Am. Rep. 279; *Evansville Nat. Bank* v. *Kauffman,* 93 N. Y. 273, 45 Am. Rep. 204; 12 R. C. L. 1079, 1080; *Peterson* v. *Russell,* 62 Minn. 220, 54 Am. St. Rep. 634, 29 L. R. A. 612, 64 N. W. 555; *Nicolls & Shepard Co.* v. *Dedrick,* 61 Minn. 513, 63 N. W. 1110; *Hooper* v. *Pike,* 70 Minn. 84, 68 Am. St. Rep. 512, 72 N. W. 829.)

The original obligation involved here was the obligation of Washburn to pay the indebtedness outstanding at the time of the execution of the contract, together with any amount hereafter incurred; and it cannot be disputed that the guaranty was entered into simultaneously with or accepted at the same time as this original obligation. "Where a contract of guaranty is entered into at the same time as the principal contract, the same consideration may support both contracts." (12 R. C. L. 1077; *W. T. Rawleigh Co.* v. *Trerice* (Mich.), 195 N. W. 79; *Cook* v. *Southwick,* 9 Tex. 615, 60 Am. Dec. 181; *Garland* v. *Gaines,* 73 Conn. 662, 84 Am. St. Rep. 182, 49 Atl. 19.)

*Messrs. Belden & De Kalb, Mr. Merle C. Groene* and *Mr. C. W. Buntin,* for Respondents, submitted a brief; *Mr. Groene* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

In this case judgment by default was entered against the defendant Washburn for the full amount demanded by the plaintiff, because of his failure to appear in the action. Upon issue joined the cause was brought on for trial before the court against the other defendants, a jury having been expressly

waived. The action is predicated upon the written contract of the defendant Washburn with the plaintiff, and a guaranty in writing attached thereto, executed by the other defendants. By the allegations of its complaint the plaintiff seeks to hold the defendants, other than Washburn, responsible for the payment of the full amount due it from the defendant Washburn, by reason of the fact that the payment of Washburn's existing indebtedness at the time of the execution of his contract with it amounting to the sum of $2,188.71, was extended until December 31, 1922, in consideration of the execution of the contract of guaranty. Copies of both contracts are attached as parts of the complaint. The answering defendants, respondents here, defended upon the ground of failure of consideration and fraud. The court made its findings of fact and conclusions of law in favor of the defendants, upon which judgment was duly entered. The plaintiff has appealed from the judgment.

The plaintiff's several assignments of error raise but one question determinative of this appeal, viz.: Did the court err in entering judgment in favor of the answering defendants?

It appears that the plaintiff is an Illinois corporation, engaged in the manufacture and sale of family remedies, flavoring extracts and the like. Its main office is maintained at Freeport, Illinois, but it established and conducted a shipping and distributing warehouse at Minneapolis, Minnesota. For some years prior to the year 1922, the defendant Douglas Washburn was engaged in selling the plaintiff's products in Fergus county. On or about January 3, 1922, he entered into a renewal contract in writing with the plaintiff, whereby it agreed to sell and deliver to him, f. o. b. cars Minneapolis, Minnesota, or Freeport, Illinois, until December 31, 1922, under the terms of the agreement, such of its products as he might order; the defendant Washburn agreeing to pay the plaintiff the invoice price of its products by him purchased, together with any balance remaining due from him at the time of the execution of his renewal contract. Provision is made that the

contract shall terminate by limitation on December 31, 1922, and that the full amount due thereunder shall thereupon become promptly due, unless another renewal contract be entered into.

The plaintiff required the defendant Washburn to have the contract of guaranty executed by acceptable guarantors as a condition precedent to entering into the renewal contract with him. The defendants Martin Cook, Frank Gallas and Rufus C. Smith, all residents of Fergus county, at Washburn's request signed the contract of guaranty, attached to Washburn's contract with the plaintiff, and accepted by the plaintiff on the date of the execution by it of the contract with Washburn. The consideration specifically mentioned in the contract of guaranty is the sum of $1, the "receipt of which is hereby expressly confessed and acknowledged, or in consideration of the above-named seller [the plaintiff] extending further credit to the said buyer [Washburn]." By the terms of the guaranty the respondents jointly and severally guaranteed to the plaintiff, "unconditionally, the payment in full of the balance due or owing said seller [the plaintiff] on account, as shown by its books at the date of the acceptance of this contract of guaranty by the seller, and the full and complete payment of all moneys due or owing, or that may become due or owing, said seller." And further it is provided therein:

"That this contract of guaranty is conclusive and binding on the party or parties who sign it, whether the same is signed by any other party or parties or not, and that any statement or representation made by any person as to the undertakings of the guarantor or guarantors other than as herein expressed, or as to who or how many parties are to sign this guaranty, shall in nowise affect the rights of the company; and it is mutually understood that this is to be a continuing guaranty, and any notice in any way affecting the responsibility or liability of the signers hereunto, in order to become effective and binding upon the above named seller, shall be reduced to writing and delivered by registered mail to the office of said seller

at Minneapolis, Minnesota. Responsible Men Sign This Contract of Guaranty Below.'' Immediately following these words in capital letters, a space for signatures is provided, where the respondents signed the contract. Defendant Smith says he could read those words without his glasses.

The defendant Gallas testified that he is very hard of hearing and cannot read English, and that he signed the contract of guaranty in reliance upon Washburn's representation that it consisted merely of ''an accommodation of the Rawleigh medicine.'' The defendant Smith says that he had been acquainted with Washburn for about thirty years, and that the latter, on producing the contract, said, ''Rufus, I have a paper I would like to have you sign.'' He testified: ''I took it and looked at it, and I hadn't my glasses with me, and in a big hurry, I didn't want to go to the house and get them; so I looked at it, tried to read it, and couldn't make out only the the headlines of the instrument.'' Mr. Washburn then stated to him, ''That's a recommendation for the company's goods here,'' and that it did not amount to anything. Thereupon he signed the agreement, placing reliance on Washburn's statements. Further, he explained that the year before he had signed another contract at Washburn's request, as to which he stated: ''I signed the other contract while I was in my field and did not have my glasses, and I couldn't make out what it was; so I signed it, as Washburn told me it was a recommendation of these goods.''

At the date of the acceptance of the contract of guaranty by the plaintiff and the execution of its agreement with Washburn, January 3, 1922, there was due from Washburn to the plaintiff the sum of $2,188.71. Subsequently Washburn did not order and the plaintiff did not sell or deliver any of its merchandise to him; however, he paid the sum of $66.50 on his indebtedness, and at the time of the expiration of his contract he was owing a balance of $2,122.21, which amount the plaintiff seeks to recover in this action.

In accordance with the evidence on the subject, the court found that for some years prior to January 3, 1922, the date of Washburn's renewal contract with the plaintiff company, the defendant Washburn had been engaged in selling the plaintiff's goods, and it further found that the signatures of the respondents to the contract of guaranty were obtained by Washburn through false and fraudulent representations, made to them by Washburn and by them relied upon, and that the agreement was wholly void for want of the consideration recited therein or any other valuable consideration.

From undisputed evidence it appears that the consideration of $1 recited in the contract of guaranty was never paid to the respondents by the plaintiff, by Washburn, or at all, and no extension of credit was in fact given to Washburn, for subsequent to the execution of his renewal contract of January 3, 1922, he did not order any more goods from the plaintiff.

It appears to us that the guarantors were in need of a [1, 2] guardian to protect them from signing such a contract, in view of their flimsy excuses; however, since they were of mature age and not laboring under disability, their obligation must be construed and enforced in accordance with its terms. It will not suffice to avoid the obligation of a written contract for the parties to say that they never read it before affixing their signatures, or that they did not understand or appreciate the nature of the obligation imposed. It is not the province of courts to make contracts for parties sui juris, but rather to interpret and enforce them, as made by the parties themselves, in accordance with their terms, when legitimate and based upon a valid consideration. (*Frank* v. *Butte & Boulder Co.,* 48 Mont. 83, 135 Pac. 904; *Pearce* v. *Metropolitan Life Ins. Co.,* 57 Mont. 79, 186 Pac. 687; *State Bank of Darby* v. *Pew,* 59 Mont. 144, 195 Pac. 852; *Nielson* v. *Hendrickson,* 63 Mont. 518, 210 Pac. 905; *Emerson-Brantingham Implement Co.* v. *Raugstad,* 65 Mont. 297, 211 Pac. 305; *General Fire Extinguisher Co.* v. *Northwestern Auto Supply Co.,* 65 Mont. 371,

211 Pac. 308; *Fitzgerald* v. *Eisenhauer,* 62 Mont. 582, 206 Pac. 685; *Ebeling* v. *Bankers' Casualty Co.,* 61 Mont. 58, 22 A. L. R. 777, 201 Pac. 284.)

It will not do for a man to enter into a contract, and, when called upon to respond to its obligations, to say that he did not read it when he signed it, or did not know what it contained. If this were permitted, contracts would not be worth the paper on which they are written. But such is not the law. A contractor must stand by the words of his contract; and, if he will not read what he signs, he alone is responsible for his omission. (*Upton* v. *Tribilcock,* 91 U. S. 45, 23 L. Ed. 203.)

[3] Fraud as a defense must be eliminated from the case by reason of the court's finding, based upon the evidence, that Washburn was not an agent or employee of the plaintiff company, and "that the plaintiff did not, by a course of conduct or otherwise, at any time, hold out the defendant Douglas Washburn as its agent to the people at large or to anyone." This leaves for determination only the question as to whether there was a valid consideration for the contract of guaranty.

Section 7503 of the Revised Codes of 1921 provides: "Any benefit conferred, or agreed to be conferred, upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise."

"An existing legal obligation resting upon the promisor, or a moral obligation originating in some benefit conferred upon the promisor, or prejudice suffered by the promisee, is also a good consideration for a promise, to an extent corresponding with the extent of the obligation, but no further or otherwise." (Id., sec. 7504.) And specifically, as applied to a contract of guaranty, the statute provides: "Where a guaranty is entered into at the same time with the original obligation, or with the acceptance of the latter by the guarantee, and

forms with that obligation a part of the consideration to him,
no other consideration need exist.'' (Id., sec. 8173.) In any
[4] event, the burden of showing a want of consideration
sufficient to support an instrument lies with the party seeking
to avoid it. (Id., sec. 7513; *Schauer* v. *Morgan*, 67 Mont. 455,
216 Pac. 347.)

''The consideration need not be one passing from the guar-
antee to the guarantor. A benefit to the principal debtor or an
injury to the guarantee is sufficient; such as a promise by the
creditor to refrain from legal proceedings against the principal
debtor, or an extension of time to the principal debtor.'' (12
R. C. L., sec. 28, p. 1077.)

Thus it will be seen, from a perusal of these statutory pro-
visions, as applied to the facts before us, there was a good con-
sideration for the contract of guaranty. It is manifest from
the statutory definitions that a valid consideration existed be-
tween the principal contracting parties. Whether or not the
definitions of a good consideration for a contract contained
in sections 7503 and 7504 of the Revised Codes of 1921, stand-
ing alone, are sufficiently broad in scope to include the con-
sideration for a contract of guaranty, we need not pause to de-
termine, for by section 8173 a consideration to the principal
alone (the promisor), contemporaneous with the promise of
the guarantor, is declared to be sufficient. Here the contracts
were entered into at the same time, and the sufficiency of the
consideration running to the promisor is readily to be seen.
Washburn alone secured the respondents' signatures to the
contract of guaranty for his own benefit. And it was not until
after both contracts were received and accepted by the plain-
tiff that it executed the contract with Washburn, the guaranty
thus forming a part of the consideration inducing the plaintiff
to execute the renewal contract.

There was sufficient consideration to support the guaranty of
[5, 6] Washburn's existing indebtedness at the time when the
contract was executed, viz., extension of the time of payment.

(Brandt on Suretyship and Guaranty, 3d ed., sec. 25.)   Moreover, the agreement as to the existing and future indebtedness is indivisible, and was based upon the same consideration, viz., that the plaintiff should sell Washburn more goods. The promise of the guarantee to furnish more goods constituted a good consideration supporting the contract of guaranty.  (12 R. C. L. 1078; *Cowan* v. *Roberts,* 134 N. C. 415, 101 Am. St. Rep. 845, 65 L. R. A. 729, 46 S. E. 979.)   A promise founded partly on a past consideration and partly on an executory one is enforceable.  (13 C. J., p. 362.)   Whether Washburn availed himself of the privilege of purchasing goods under his contract is of no moment in determining the sufficiency of the consideration for the contract of guaranty. The goods were available upon his order, and the mere fact that he did not place any orders therefor has no bearing on the question of the sufficiency of the consideration for the contract of guaranty. The decisions of other states involving similar facts and contracts have been called to our attention by counsel, and we have examined them, and note a divergence in opinion in application of the law.

The judgment is reversed and the cause remanded to the district court of Fergus county, with directions to enter judgment against the respondents for the amount prayed for in the plaintiff's complaint.

*Reversed and remanded.*

Mr. Chief Justice Callaway and Associate Justices Myers, Stark and Matthews concur.

Rehearing denied November 25, 1927.