BENNETT, Respondent, *v.* PETROLEUM COUNTY et al., Appellants.

(No. 6,636.)

(Submitted May 6, 1930. Decided May 24, 1930.)

[288 Pac. 1018.]

438

*Messrs. Ayers & Ayers* and *Mr. Nick Langshausen,* for Appellants, submitted a brief; *Mr. Roy E. Ayers* argued the cause orally.

*Mr. Ralph J. Anderson,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This action was instituted by the plaintiff, as a taxpayer, for the purpose of enjoining the board of county commissioners of Petroleum county from fulfilling the terms of a contract of lease executed by one Benjamin F. Leffer, as lessor, with the county of Petroleum, as lessee, by the terms whereof the lessor agreed to remodel and repair a certain building owned by him in the town of Winnett, the county seat of Petroleum county, and to expend in improvements and repairs not to

exceed $14,000, and to lease such building and the ground upon which it is located to Petroleum county for courthouse purposes for a period of four years from and after December 31, 1929, for the agreed rental of $2,400 per calendar year, payable at the rate of $200 per month, with the privilege of renewal on the same terms for an additional four years' period; which contract also contained provision whereby the county was given an option to purchase the property during the existence of the lease at the agreed price of $31,000, plus taxes and insurance premiums paid on the property after August 1, 1929, and any amount of expenditure made by the lessor in remodeling or repairing the building in excess of $14,000, it being stipulated that all rents paid under the contract and the amount of the cost of remodeling the building less than the stipulated sum of $14,000 shall be credited and applied on the purchase price, in event of the county exercising option to purchase the property during the life of the agreement.

It is the plaintiff's contention that the contract is void because it authorizes an expenditure of county money "for a single purpose" in an amount exceeding $10,000, without having first submitted the question to a vote of the duly qualified electors, and thus obtaining sanction as a condition precedent for the proposed expenditure; that other suitable buildings are available for lease and have been used for like county purposes involving the expenditure of less money; and further that the contract is void by reason of the fact that by its terms it extends beyond the present term of office of individual members of the board of county commissioners. An order to show cause and temporary injunction was issued.

The defendants regularly appeared by general demurrer and at the same time moved the court to dissolve the temporary injunction. The demurrer was overruled and the motion denied. Appeal is prosecuted to this court from the order refusing to dissolve the temporary injunction.

The only question presented is whether the lease contract is valid.

The statute confers authority upon the board of county commissioners, under such limitations and restrictions as are prescribed by law, to provide suitable rooms for county purposes "when there are no necessary county buildings," and to "purchase, receive by donation or lease any real or personal property necessary for the use of the county." (Subds. 7 and 8, sec. 4465, Rev. Codes 1921, as amended by Chap. 38, Laws of 1929.) From the recitals contained in the lease contract it appears that the county is not possessed of necessary county buildings; accordingly, the contract is authorized and valid unless found objectionable under constitutional restrictions imposed or other regulatory statutes.

Our Constitution provides that "No county shall incur any ▇ indebtedness or liability for any single purpose to an amount exceeding ten thousand dollars ($10,000) without the approval of a majority of the electors thereof, voting at an election to be provided by law." (Sec. 5, Art. XIII.) And like provision is contained in our statutes. (Sec. 4447, Rev. Codes 1921.) Consequently, there arises for our determination the question as to whether the lease contract involved is violative of these constitutional and statutory limitations. By the terms of the contract is it sought to obligate the county to liability for the payment of an indebtedness in excess of $10,000 for a "single purpose"? If so, the contract is invalid, since the proposed expenditure appears never to have been submitted to the electors at an election called or held for that purpose, or otherwise. (*Hefferlin* v. *Chambers*, 16 Mont. 349, 40 Pac. 787; *Hoffman* v. *Gallatin County Commrs.*, 18 Mont. 224, 44 Pac. 973; *Jenkins* v. *Newman*, 39 Mont. 77, 101 Pac. 625; *Panchot* v. *Leet*, 50 Mont. 314, 146 Pac. 927.) The words "single purpose" employed in the constitutional restriction have specific reference to "one object, project or proposition—a unit isolated from all others. In other words, to constitute a single purpose, the elements which enter into it must be so related that, when combined, they

constitute an entity; something complete in itself, but separate and apart from other objects." (*State ex rel. Turner* v. *Patch,* 64 Mont. 565, 210 Pac. 748.) Applying this definition, which meets with our approval, we hold that the lease contract in question is not violative of the constitutional and statutory ▆▆▆▆ limitations imposed. The board of county commissioners is clothed with authority to lease any real property necessary for county purposes "when there are no necessary county buildings." The words just quoted from the statute clearly have reference to a present proprietorship of such buildings by a county; and were not intended to refer to other like property temporarily held and used under lease from the owner for similar county purposes. The necessity for leasing the property in question was in our opinion addressed to the sound judgment and discretion of the board of county commissioners. As to whether the indebtedness contracted, i. e., rentals payable in monthly installments, created a present obligation of the county, need not be determined, since the aggregate amount to become due during the term of the contract is less than $10,000. By the terms of the lease the greatest amount of money required to be expended for the one object or purpose, and for which the county was definitely obligated, viz., rental of a building for use as a county courthouse, is the sum of $9,600, during a period of four years, payable in monthly installments at the rate of $200 per month.

However, it is argued that since the lease contained an ▆▆▆▆ option whereby the county was given the exclusive right and privilege during the existence of the contract, to purchase the property for the sum of $31,000, it is violative of the constitutional provision above set forth. There is no merit in this contention, since that phase of the contract is wholly unilateral and imposes no obligation on the county to buy the property. (*Clark* v. *American D. & M. Co.,* 28 Mont. 468, 72 Pac. 978; *Nielson* v. *Hendrickson,* 63 Mont. 518, 210 Pac. 905.) Here the lease and option to purchase

contained in the one instrument constitute separate agreements, their provisions being wholly independent. (*Merk* v. *Bowery Min. Co.,* 31 Mont. 298, 78 Pac. 519; *Snider* v. *Yarbrough,* 43 Mont. 203, 115 Pac. 411.) And the option to purchase at a price in excess of the sum of $10,000 does not invalidate the contract, since it was presumably entered into with reference to the provisions of the Constitution requiring a submission of the question to a vote of the electors before the county could lawfully exercise the option granted. The option bound the optionor but could only be exercised by the county by compliance with the constitutional requirements.

An option to purchase, such as is contained in the contract under consideration, is merely an agreement whereby the optionee may, upon compliance with certain terms and conditions, become the owner of the property. It is not bilateral in the sense that the optionor may compel specific performance, although such right is conferred on the optionee by virtue of a valid agreement. (*Nielson* v. *Hendrickson,* supra.) It is simply "a right conferred by contract upon one party by another to accept or reject a present offer within a limited or reasonable time." (*Sunburst Oil & Gas Co.* v. *Neville,* 79 Mont. 550, 257 Pac. 1016, 1019.) It "is neither a lease nor a contract to lease. It is simply a contract whereby the owner of the property agrees with another person that he has the right to exercise certain privileges with reference to the property in question," in this case the right to purchase a certain building at a fixed price within a definite time on terms stated. (*Thomas* v. *Standard Dev. Co.,* 70 Mont. 156, 224 Pac. 870; *Libby Lumber Co.* v. *Pacific States Fire Ins. Co.,* 79 Mont. 166, 60 A. L. R. 1, 255 Pac. 340; *Snider* v. *Yarbrough,* supra; *Ide* v. *Leiser,* 10 Mont. 5, 24 Am. St. Rep. 17, 24 Pac. 695.)

However, the respondent further contends that the contract ▮ is void since it purports upon its face to extend the county's obligation beyond the term of office of members of

the existing board of county commissioners when the contract was made. The statute authorizes the board of county commissioners as a legally constituted entity, acting for the county, among other things, to lease real property necessary for use of the county, and to provide suitable rooms for county purposes when there are no necessary county buildings. (Sec. 4465, Rev. Codes 1921, as amended by Chap. 38, Laws of 1929.) In this respect, there is no further limitation or restriction placed on the board, and no time limit fixed as to the term of any lease of such property. While the board of county commissioners, in dealing with county business, is possessed of only such authority as is especially conferred upon it by statute or necessarily implied (*State ex rel. Blair* v. *Kuhr*, 86 Mont. 377, 283 Pac. 758), here the authority is expressly conferred to lease a building for county purposes when no such building is owned by the county, and is necessary. The statute specifically confers the power to so contract upon the board of county commissioners, the body existing at the time, and the mere fact that the term of office of a member of the body which so contracts may expire before the contract, does not in any manner affect its validity. Were the rule of law otherwise, the business of counties would be very greatly hampered and at times suspended, with resulting damage. The board of county commissioners functions for the municipal corporation in its authorized powers as a continuous body, and while the personnel of its membership changes, the corporation continues unchanged. The county has power to contract, and its contracts are the contracts of its board of county commissioners, not of the individual members thereof. (*Ligget* v. *Board of County Commrs.*, 6 Colo. App. 269, 40 Pac. 475; *Board of County Commrs.* v. *Shields*, 130 Ind. 6, 29 N. E. 385; *Webb* v. *Spokane County*, 9 Wash. 103, 37 Pac. 282; *Picket Pub. Co.* v. *Board of County Commrs.*, 36 Mont. 188, 122 Am. St. Rep. 352, 12 Ann. Cas. 986, 13 L. R. A. (n. s.) 1115, 92 Pac. 524.)

The order is reversed and the cause is remanded to the district court of Petroleum county, with direction to dissolve the injunction.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS and FORD concur.

MR. JUSTICE ANGSTMAN, being absent, did not hear the argument and takes no part in the foregoing decision.