W. T. RAWLEIGH COMPANY, APPELLANT, *v.* MILLER ET AL., DEFENDANTS; STABIO, RESPONDENT.

(No. 7,694.)

(Submitted October 11, 1937. Decided November 16, 1937.)

[73 Pac. (2d) 552.]

*Mr. Raymond Shelden,* for Appellant, submitted a brief, and argued the cause orally.

458

No appearance in behalf of Respondent.

MR. JUSTICE STEWART delivered the opinion of the court.

This is an appeal from a judgment of the district court of Carter county. The W. T. Rawleigh Company, as plaintiff, instituted action against G. B. Miller, Scott M. Bruce, Claude L. Bruce, and Victor Stabio, as defendants. Service of process was made on all but Miller; he was never served. The Bruces defaulted. Stabio filed an answer, and the cause went to trial with him as the only contesting defendant. At the close of all of the evidence, motions for instructed verdict were made by both parties; the cause was, therefore, submitted to the court for decision. The jury was discharged and, after consideration, the court decided the issues in favor of the defendant Stabio and entered judgment accordingly.

The essential facts of the controversy are as follows: On February 20, 1931, a contract was entered into between the Rawleigh Company and Miller, whereby the company, as seller, agreed to sell its products to Miller, as buyer, and to extend certain credit to him for the purchases. The other defendants, including Stabio, signed a guaranty which was attached to and referred to the contract. By the terms of the contract, Miller agreed to pay for all goods purchased. By the terms of the

guaranty, the guarantors promised unconditionally to pay the seller for all products sold and delivered to the buyer under the terms of the contract. They specifically consented and agreed to all of the terms of the contract. Miller ordered and purchased from the company goods amounting to several hundred dollars, for which he did not pay. The contract by its terms expired on the 31st day of December, 1931.

On January 2, 1932, the parties entered into a new contract designated "renewal form." In that contract the company agreed to continue the sale of its products to Miller, and the guarantors agreed, as a condition for further credit to Miller, to pay for all goods purchased thereunder, and in addition agreed to assume and pay all prior indebtedness due and owing by Miller to the company, as shown by the company's books, for goods previously sold to Miller by virtue of the prior contract.

The complaint of plaintiff alleged that it was a corporation existing under the laws of the state of Illinois, and by appropriate allegations pleaded the "renewal form" contract, including the new guaranty contract, and alleged that there was due to plaintiff the sum of $427.96, with interest. It also specifically alleged an account stated. This account bore date of February 13, 1932, and showed due a balance of $859.08, at the close of business on December 31, 1931. The account stated was signed by Miller, who thereby acknowledged the obligation in the sum named. The complaint alleged that the sum of $427.96, with interest, was due at the time of the institution of the action; certain payments having been made after the date of the account stated.

The judgment of the court being in favor of the defendant Stabio, the plaintiff appealed. Stabio did not appear here; no brief was filed in his behalf. Several specifications of error were enumerated, but it seems to us that the only important matters for consideration in the determination of the appeal have relation to but three propositions: (1) The corporate existence of plaintiff; (2) the refusal of the court to admit the

first contract, designated as Exhibit A, in evidence; and (3) that the evidence was insufficient to support the judgment.

The matter of the corporate existence of the company is controlled by section 5998, Revised Codes, which reads as follows: "One who assumes an obligation to an ostensible corporation, as such, cannot resist the obligation on the ground that there was in fact no such corporation until that fact has been adjudged in a direct proceeding for the purpose." Here the contract itself described plaintiff as an Illinois corporation, and the parties dealt with it accordingly. When they executed it they came within the purview of the section mentioned. Nothing appears in the record to indicate that plaintiff had been dissolved by operation of law, or otherwise, since the execution of the contract.

Appellant contends that the trial court erred in excluding plaintiff's offered Exhibit A. The excluded exhibit was the first contract before mentioned, by virtue of which the liability between Miller and the plaintiff arose. This contract was admissible, and the lower court erred in not allowing its admission. It is a well-settled principle of the law of evidence that prior contracts between the same parties are admissible to support the contract sued upon. See 1 Wigmore on Evidence, second edition, page 694, to the effect that: "Here the making of other contracts with the same person should be received to show either the making in general or the specific terms of the contract in question, provided the other instances were so connected as to indicate a general plan or habit of which they were merely parts." (See, also, 10 R. C. L., sec. 272.)

The contract sued upon was, by its own terms, a renewal form of the original contract. The competency of Exhibit A is clearly established by the testimony of the prior dealings between the principal, and Miller and his sureties. The prior contract was admissible to show, not only the circumstances surrounding the making of the renewal contract, but also to show the liability of Miller and his sureties for the prior indebtedness, and to show a consideration to support the second contract of guaranty upon which this suit was prosecuted. The guarantors

on the renewal contract were the same as those on the original contract. The original contract was admissible to show the liability of the defendant guarantors for the prior indebtedness, and therefore competent to establish consideration for the renewal guaranty contract. (See sec. 8432, Rev. Codes; *Nadeau* v. *Texas Co.*, 104 Mont. 558, 69 Pac. (2d) 586; 12 R. C. L., sec. 28, p. 1077.)

The defendant Stabio contended in the court below that there was no consideration to support the guaranty contract. He argued that since there was no new credit extended under the renewal contract, there was a failure of consideration. What was the consideration supporting the new guaranty contract? The recital in the contract was as follows: "For and in consideration of the W. T. Rawleigh Company accepting the above contract, or in consideration of the above named seller extending further credit to the said buyer, we, the undersigned, do hereby," etc. The appellant contends that this consideration above expressed is sufficient; that is, in the absence of a showing to the contrary, the Rawleigh Company held itself ready to extend this credit, and the fact that no credit was extended does not affect its obligation to hold its offer open.

The appellant bases its contention on the case of *W. T. Rawleigh Co.* v. *Washburn*, 80 Mont. 308, 260 Pac. 1039, 1042. The facts in that case are almost identical to the facts here presented, except that the sureties on the first contract and the one upon which the suit was grounded were not identical as they are here. This court in the *Washburn Case*, supra, in passing on the question of the sufficiency of the consideration to support the guaranty contract, laid down the applicable rule as follows: "The promise of the guarantee to furnish more goods constituted a good consideration supporting the contract of guaranty. (12 R. C. L. 1078; *Cowan* v. *Roberts*, 134 N. C. 415, 46 S. E. 979, 101 Am. St. Rep. 845, 65 L. R. A. 729.) A promise founded partly on a past consideration and partly on an executory one is enforceable. (13 C. J., p. 362.) Whether Washburn availed himself of the privilege of purchasing goods under his contract is of no moment in determining the sufficiency

of the consideration for the contract of guaranty. The goods were available upon his order, and the mere fact that he did not place any orders therefor has no bearing on the question of the sufficiency of the consideration for the contract of guaranty.''

We are bound by the rule in the *Washburn Case,* which we believe is the correct rule. The facts showing the consideration in this case are much stronger than in the *Washburn Case.* The improperly excluded Exhibit A would have shown that the defendant guarantors were all the same as those on the properly admitted Exhibit B. In other words, the defendants were already bound to pay the prior indebtedness which they reassumed to pay in the renewal contract. The guarantors, therefore, in executing the renewal contract were only affirming their then existing liability in addition to assuming to be bound for any further purchasers under the renewal contract. It is obvious that there was existing consideration to support the second contract, as well as consideration in the matter of future credit.

Was the evidence as a whole insufficient to support the judgment of the trial court? The evidence was manifestly insufficient. The defendant did not establish any defense to the action. The plaintiff, on the other hand, alleged and proved its cause of action. The original contract and the renewal contract established the basis of the liability of the defendant, and the account stated, signed by Miller, admitted the indebtedness. The defense of failure of consideration was not tenable in the light of the circumstances of this case.

The judgment is reversed, with direction to enter judgment for plaintiff.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES ANDERSON, MORRIS and ANGSTMAN concur.