**J. G. WALLER, Appellant,**

v.

**MISSOURI CITY STATE BANK, Appellee.**

**No. 617.**

Court of Civil Appeals of Texas, Tyler.

May 25, 1972.

Rehearing Denied June 22, 1972.

on May 14, 1969, appellant Waller executed and delivered to the Bank a continuing guaranty agreement under the terms of which he guaranteed the prompt payment of all indebtedness that was then due and owing, or thereafter might become due and owing the Bank by Davy Crockett Industries, Inc., not exceeding the aggregate principal amount at any one time of $52,000.00. Appellant answered with a verified denial of failure of consideration and also denied generally the allegations of the petition. Appellee, Missouri City State Bank, filed a motion for summary judgment. After a hearing upon the motion for summary judgment, the trial court rendered a summary judgment in favor of appellee Bank for the sum of $29,910.90, the amount due and owing on the note, together with accrued interest amounting to $5,608.21 plus attorney's fees of $3,551.91. Appellant, J. G. Waller, duly perfected this appeal.

The principal contention urged by appellant by his sole and only point of error is that the summary judgment evidence created a disputed issue of fact upon the question of whether or not the guaranty agreement was supported by consideration. Therefore, he maintains that since there was a fact issue to be tried, the trial court erred in rendering a summary judgment. As we view the record, the point is without merit. We accordingly overrule the point and affirm the judgment rendered by the trial court.

At the time Davy Crockett Industries, Inc. executed the note in question on April 30, 1969, as well as at the time appellant executed the continuing guaranty agreement on May 14, 1969, appellant owned 40% of the stock in Davy Crockett Industries, Inc., and was the chairman of its board of directors. At the same time he was also chairman of the board of directors of Missouri City State Bank and owned something in excess of 50% of the stock in the Bank. Appellant sold his interest in the Bank prior to this suit. The record shows that the note in question ma-

---

Sallas, Griffith & Meriwether, Joe E. Griffith, Crockett, for appellant.

Urban, Coolidge, Pennington & Scott, Bryan W. Scott, Houston, for appellee.

MOORE, Justice.

Appellant, J. G. Waller, seeks a reversal of a summary judgment granted in favor of appellee, Missouri City State Bank. Appellee, Missouri City State Bank, hereinafter sometimes referred to as the Bank, sued appellant, J. G. Waller, alleging that

tured on October 29, 1969; that the same was past due at the time of trial; and that the unpaid balance amounted to the sum of $29,910.90, exclusive of interest and attorney's fees. The undisputed evidence further shows that the Bank is the present owner and holder of the note. Appellant admitted that at the time he executed the guaranty agreement he knew of the outstanding note executed by Davy Crockett, Industries, Inc. to the Bank in the amount of $52,000.00 and that the Bank had demanded payment.

The guaranty agreement, which appellant admits having executed, provides in part as follows:

"WHEREAS, Davy Crockett Industries, Inc., of the County of Harris, Texas, hereinafter called the Borrower, *may, from time to time,* become indebted to the Missouri City State Bank, hereinafter called the Bank:

"Now for a valuable consideration to the undersigned, hereinafter called the 'Guarantors', moving from the Bank, the Guarantors jointly and severally, for themselves, their heirs, executors and administrators, hereby guarantee to the Bank, its successors and assigns the prompt payment at maturity of any and all indebtedness that is now, *or at any time hereafter may be or become, owing to the Bank,* its successors or assigns from the Borrower not exceeding in the aggregate principal amount at any one time Fifty-two thousand and no/100 Dollars ($52,-000.00), according to the tenor and effect of the note or notes evidencing said indebtedness, together with any and all reasonable costs of collection, including 10% of the said indebtedness additionally as attorneys' fees should this contract be placed in the hands of attorneys for collection or should it be collected through any court; and any and all renewals of said indebtedness or any part thereof regardless of the form by which said renewals may be

evidenced. The word 'indebtedness' shall be construed to mean all indebtedness of the Borrower, direct and/or indirect and howsoever evidence, whether by notes, drafts, acceptances, overdrafts, or otherwise.

"This instrument is intended to be, and is, a continuing guaranty, and shall apply to and cover all indebtedness and renewals thereof above mentioned or described. * * *" (Emphasis Supplied).

Other provisions show that the agreement was an "absolute" guaranty in that appellant's liability did not depend on the exercise by the Bank of reasonable diligence to enforce payment against the principal, nor to subject pledged property to the payment of its debt.

Rule 166–A, Texas Rules of Civil Procedure, provides for a summary judgment in the following language:

"(c) * * * The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

■ It is well settled that a summary judgment is proper not only where there is no issue as to any material fact but also where the record shows the movant is entitled to a judgment as a matter of law. Drake v. First Nat. Bank, Mercedes, 254 S.W.2d 230 (Tex.Civ.App., San Antonio, 1952, n. w. h.); Hatter v. Worst, 390 S.W.2d 293 (Tex.Civ.App., Amarillo, 1965, writ ref., n. r. e.). As we view the record, there is no dispute as to any of the material facts. The sole and only dispute seems to be whether or not the undisputed facts establish lawful consideration.

■ Appellant argues that there was no lawful consideration for the continuing

guaranty agreement. He relies on the general rule that where the contract of guaranty is entered into independent of the transaction which created the original or present debt or obligation, the guarantor's promise must be supported by a consideration distinct from that of the present debt; that consideration is not found in a mere naked promise to pay the existing debt of another. He relies upon the case of Green v. American Refining Properties, 22 S.W. 2d 343 (Tex.Civ.App., El Paso, 1929). This case, as well as several other cases in this and other jurisdictions, seem to support this general proposition. See 38 Am. Jr.2d 1047, Guaranty, Sec. 45.

 These principles, however, do not apply to the continuing guaranty in this instance because the guaranty here covers "all indebtedness that is now, or at any time hereafter may be or become, owing to the bank * * * not exceeding in the aggregate principle amount at any one time" of $52,000.00. Gibbs v. American National Bank of Jacksonville, 155 So.2d 651 (Fla.App., 1963); 170 So.2d 821 (Fla., 1964); Sun Oil Co. v. Heller, 248 N.Y. 28, 161 N.E. 319 (Court of App., 1928). A guaranty of the payment of past and future indebtednesses is supported by an agreement to extend future credit. 38 Am.Jur.2d 1046, Guaranty, Sec. 43; Schepps v. First Security National Bank of Beaumont, 462 S.W.2d 341 (Tex.Civ.App., 1970, writ ref., n. r. e.); Gibbs v. American National Bank of Jacksonville, supra.

The clear import of the guaranty agreement in this instance is that in the event the indebtedness initially covered was reduced in amount to less than $52,000.00 and thereafter the principal debtor desired to increase the amount by a sum within said limits, the Bank was to advance the funds and the guaranty was to apply to such increase as well as the original indebtedness. While there is no showing that the amount was ever increased after it was reduced to less than $52,000.00, we nevertheless believe some benefit accrued

to the principal debtor because the guaranty had the effect of making credit available to it. W. T. Rawleigh Co. v. Miller, 105 Mont. 456, 73 P.2d 552.

 It is not essential that there be consideration moving directly to the guarantor. The promise is enforceable if a benefit to the principal debtor is shown. 38 Am.Jur.2d 1046, sec. 43; 38 C.J.S. Guaranty § 26c; Estes v. Oilfield Salvage Co., Inc., 284 S.W.2d 201 (Tex.Civ.App., Dallas, 1955), citing cases. In this instance the Bank's implied promise to advance additional funds amounted to consideration flowing not only to the principal debtor, but also, through it, to appellant as a stockholder-guarantor.

The judgment of the trial court is affirmed.